McAllister *vs.* The Singer Manufacturing Company.

1. A plea to a suit on a foreign judgment which appertains wholly to matters occurring anterior to such judgment, and which, with the exemplification of the record, shows great negligence in failing to set up such defense to the original action, was properly dismissed on demurrer; especially where the facts pleaded would have constituted no defense.

2. Since May, 1790, the records and judicial proceedings of the courts of any of the states are admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, together with the certificate of the judge that the attestation is in due form.

3. The verdict is contrary to law in being for seventy-four dollars and eighty cents more than is authorized by the exemplification of the record of the foreign judgment; a reversal must therefore be had unless this amount be written off.

Judgments. Pleadings. Evidence. Exemplification. New trial. Before Judge Speer. Rockdale Superior Court. August Term, 1879.

Report unnecessary.

J. N. Glenn ; A. M. Helms, for plaintiff in error.

Clark & Pace, for defendant.

Crawford, Justice.

This suit was brought upon a foreign judgment rendered in the circuit court of Alabama, to the October term, 1877, of Rockdale superior court. To which suit defendant filed the plea of the general issue ; a special plea which went to the merits of the contract, the bad faith of the plaintiff and the fraudulent conduct of its agents and attorneys anterior to the judgment, and a plea of set-off.

On demurrer, the pleas except the general issue were stricken, and defendant excepted.

Upon the trial the certificate and exemplification of the record from the state of Alabama were offered in evidence,

to the admission of which defendant objected for the want of the great seal of the state being thereto attached, which objection was overruled,. and defendant excepted.

The jury found a verdict for the plaintiff, to which finding defendant excepted, because the same was contrary to law.

1. The first question for our review is as to the judgment of the court below on the demurrer to defendant's pleas By his special plea it was alleged that the first note which was given by the defendant on the 6th day of October, 1874, was obtained by fraud, because he was not then indebted as claimed, and, having faith in the company, he gave it. When he gave the second note on the 18th day of August, 1875, that was also obtained by fraud in this, that they presented him with an aggregate account of his indebtedness, and he, having full faith in their honesty, gave it. He kept no books or memoranda of his dealings with the plaintiff, but, relying on the company, supposed that it kept correct books and all proper debits and credits; has learned since the bringing of the suit in Alabama that he was not indebted on a full and fair settlement; that he was entitled to credits not allowed him, and by their fraudulent representations he was deceived into the making of the note. He alleged further that the *judgment* was obtained by fraud in this, that plaintiff's attorney induced him to believe that suit was brought to *force* a settlement; and that the same would not be pressed until he had full time to investigate all of his accounts, and to set up. his cross demands which he claimed would defeat plaintiff, and give him a judgment against the company; that the judgment now sued upon was obtained contrary to this express agreement of indefinite continuance that the defendant might ascertain the true condition of the accounts between himself and plaintiff; that it prevented him from making any defense; and was continued twice with that view, and therefore the taking of the said judgment was a fraud upon defendant. It will be observed that this plea appertains

wholly to matters occurring anterior to the judgment, and we apprehend, with the record before the presiding judge who tried the case in Alabama, would have been stricken there for its manifest want of legal defense against the plaintiff's demand, *a fortiori* would it be stricken here, where the suit was brought upon the judgment. The plea showed that the first note was given October 6th, 1874; the second, August 18th, 1875; that suit was brought September 29th, 1875; the case continued by the plaintiff at the May term, 1876; and by the exemplification of the record it is shown that at the November term, 1876, it was continued by the defendant; by the plea again, that at the spring term, 1877, "the defendant saying nothing," judgment was rendered against him.

Thus it will be seen that the judgment was rendered two years and a half from the giving of the first note, and one year and eight months from the giving of the second, to say nothing of the two continuances giving him twelve months, besides six months before that, in which to plead. Such negligence would weaken if not destroy a meritorious defense.

As to the set-off pleaded, it only contained the claims of the defendant arising out of, and confined to, the subject matter which entered into the consideration of the notes themselves, the giving of which was an admission on the part of the payer that the payee was not indebted to him for any matter or thing appertaining thereto.

2. The second assignment of error is that the certificate and exemplification of the record from Alabama was not authenticated by the great seal of the state. Since May, 1790, the records and judicial proceedings of the courts of any of the states are admitted in any other court within the United States by the attestation of the clerk, and the seal of the court annexed, together with the certificate of the judge that the attestation is in due form.

3. The third assignment of error is that the verdict of the jury is contrary to law.

Under this ground of error we have examined the exemplification of the record accompanying the judgment, and there find that according to the pleadings of the plaintiff as so exemplified, that the verdict which the jury rendered, and of which complaint is here made, is contrary to law in this, that they have found seventy-four dollars and eighty cents more than is there authorized. By article four, section one of the constitution of the United States, we are to give full faith and credit in this state to the records and judicial proceedings of every other state when the same are brought before us properly authenticated under the law. We therefore reverse the judgment, unless the said sum so stated in the record be written off, and then direct that the same stand affirmed.

Judgment reversed.