CRAIG *vs*. FRASER.

1. An affidavit of illegality is a defence, and falls within the provision of the law that all pleas or defences in any court in this state which have to be filed under oath shall be held to be sufficiently verified when the same are sworn to before any notary public, justice of the peace, judge, etc., of any county of another state where the oath is made, or before any other officer of such state or county who is authorized by the laws thereof to administer oaths, and the official attestation of the officer before whom the oath or affidavit may be made shall be *prima facie* evidence of the official character of such officer, and that he was authorized by law to administer oaths.

   (*a.*) This case is distinguished from those in 56 *Ga.*, 612; 64 *Id.*, 622.

2. An affidavit of illegality sworn to be true to the best of the knowledge and belief of the defendant as to the grounds thereof, is insufficient, and will be stricken on demurrer.

3. Where a proceeding was commenced by attachment against a non-resident debtor, and the attachment was levied on his property, and judgment was rendered only against the property attached, the debtor was not entitled to any notice of the suit or service of the process.

   (*a.*) This case is distinguished from that in 54 *Ga.*, 575.

   (*b.*) The affidavit of illegality in this case shows that the defendant had notice of the suit.

   (*c.*) A defendant cannot make out by his proof a different case from that set out in his affidavit of illegality.

   September 9, 1884.

Officers.   Pleadings.   Practice in Superior Court.   Illegality.   Attachment.   Notice.   Before Judge ESTES. White Superior Court.   April Term, 1884.

Craig *vs.* Fraser.

A *fi. fa.* in favor of C. P. Craig *vs.* John A. Fraser was levied on a lot of land. Defendant interposed an affidavit of illegality, the body of which was as follows :

"A certain execution issued from said superior court of White county, in favor of C. P. Craig *versus* said John A. Fraser, which has been levied upon lot fifty-eight (58) in the third (3d) district of originally Habersham, now White county, has been issued illegally, and is proceeding illegally, as deponent firmly believes, on the ground that said execution is based upon a pretended judgment in said court, which is absolutely void, as deponent firmly believes, because said judgment was obtained without notice to deponent; that deponent has never had his day in court in the case in which the judgment was rendered, on which said execution is based, never was served in said case, never waived service, never appeared or pleaded, and never had any notice whatever of the pendency of said case, except a copy of the writ of attachment; and deponent further says that there never was any debt or obligation due from deponent to the said C. P. Craig, the plaintiff in said case, and never has been indebted, in any way or manner whatever, to the said C. P. Craig; that the judgment and execution and all the proceedings on which they are based are fraudulent and void. JNO. A. FRASER.

"Sworn to and subscribed before me the 26th day of January, 1884. AUTON ADAMS, Justice of the Peace, Pre. 111, Bexar County, Texas."

Then follows this attestation:

"THE STATE OF TEXAS, County of Bexar.

"I, Thad. W. Smith, clerk of the county court of Bexar county, said court being a court of record and having a seal, do hereby certify that Auton Adams, Esq., whose genuine signature appears subscribed next hereinabout, is now, as he was at the time of so signing, a duly elected, commissioned and qualified justice of the peace of precinct U. S. A. of Bexar county, Texas; that to all acts done by him in that capacity full faith and credit are due, and should be given, and that his signature thereto is genuine.

" Given under my hand and seal of office, at San Antonio, Texas, this 26th day of January, A. D. 1884. THAD. W. SMITH, Clerk of the County Court of Bexar County, Texas."
(Seal.)

Plaintiff demurred to the affidavit *ore tenus.* Over his objections, the court allowed affiant to testify that the notice meant by him in the affidavit of illegality was a notice of levy on the land. The court sustained the affidavit,

and plaintiff excepted.    The points made are stated in the decision.

J. J. KIMSEY, for plaintiff in error.

H. H. PERRY, by brief, for defendant.

HALL, Justice.

This record makes but three questions which we deem it essential to notice.

(1.) Whether an affidavit of illegality, taken before a justice of the peace in another state, is properly authenticated by the certificate of the clerk of a court of record of that state, under the seal of the court, that the justice, whose genuine signature appears subscribed to the affidavit, was then, and at the time of subscribing the same, a duly elected, commissioned and qualified justice of the peace of a named precinct in the county in which the attestation was made, and that to all acts done by him full faith and credit were due, and should be given.

(2.) Whether the affidavit, stating that the judgment and *fi. fa.* to which the same was filed was proceeding illegally against affiant, as he " firmly believes," on the ground that the execution is based on a pretended judgment in the court from which it issued, which is absolutely void, as deponent firmly believes, because said judgment was obtained without notice to him, and he had never had his day in court in the case in which the judgment was rendered, and was never served in the case, etc., contains a sufficiently direct and positive averment as to the grounds set forth in the same.

(3.) Whether, where the proceeding was commenced by attachment against a non-resident debtor, and the attachment was levied on his property, and judgment rendered only against the property attached, the debtor is entitled to any notice of the suit or service of the process.

These questions were made upon demurrer, the plain-

tiff in execution declining to file any traverse or denial of
the grounds of the affidavit; and, upon argument, the ille-
gality was sustained by the court, and exception was taken
to this judgment.

The affidavit set out that deponent never had any notice
whatever of the pendency of the case, " except a copy of
the writ of attachment," and that there never was any
debt due from him to the plaintiff; that he never owed
him as alleged; that the judgment and all the proceeding-
were fraudulent and void.  The court permitted the affi- ·
ant, over the objection of the plaintiff, to introduce evi-
dence taken by his interrogatories, to show that he meant,
by averring in his affidavit that he had no notice of the
pendency of the suit, except a copy of the writ of attach-'
ment, the notice served by the sheriff when he levied the
execution upon the land attached.

1. This court, in a case found in 56 *Ga.*, 612, held that
a claim affidavit and bond, purporting to be executed in
another state, could not be received here without due au-
thentication; that the seal of a foreign notary was not
authentication, nor was the certificate and seal of the clerk
of a court of record, without a further certificate from the
judge, chief justice or presiding magistrate of such court.
In 64 *Ga.*, 622, the same requirements were applied to the
authentication of a foreign judgment.  These rulings
were made upon the act of Congress of May, 1790.  One
case was decided in 1876, the other in 1880.  The present
case is distinguished from the foregoing, in that this affi-
davit is claimed to be, and we think properly, a defence
to this proceeding, and the act of the legislature passed
in 1870, Code, §3450, provides that all pleas or defences
in any court of the state, which have to be filed under oath,
shall be held to be sufficiently verified, when the same are
sworn to before any notary public, justice of the peace, judge,
etc., of any county of another state where the oath is made,
or "before any other officer of such state or county, who is
authorized by the laws thereof to administer oaths, and

such oath, so administered, shall have the same force and effect as if it had been made before an officer of this state authorized to administer the same; that the official attestation of the officer, before whom the oath or affidavit may be made, shall be *prima facie* evidence of the official character of such officer, and that he was authorized by law to administer oaths.

2. It has been repeatedly held that an affidavit of illegality, sworn to be true, to the best of the knowledge and belief of defendant, as to the grounds thereof, is not sufficient and will be stricken upon demurrer.   58 *Ga.*, 445, and cases cited.

This being the character of the present affidavit, it should have been dismissed, and the demurrer thereto sustained.

3. But if the statement of the grounds of the affidavit had been positive and unqualified, instead of being made upon belief only, the matters set forth would have been insufficient to arrest the sale under this levy.   No notice of the pendency of the attachment was required to authorize such a judgment as that rendered in this case; it was against the property, and was not a general judgment against the defendant.   Code, §§3328, 3309.   It was insisted that *Mullen vs. Smith et al.*, 54 *Ga.*, 575, was a case in point to sustain this affidavit of illegality as a mode of defence proper to set aside this *fi. fa.* by avoiding the judgment upon which it issued; but we are of a different opinion.   In that case, the court rendering the judgment had no jurisdiction of the case; the whole proceeding was *coram non judice* and void, and the decision was put distinctly on that ground.   In this case, it is entirely different; the defendant was a non-resident of the state, and the attachment was made returnable to the superior court of the county in which the property attached was situated; in the other case, the defendant was not a non-resident, but at the time the attachment was sued out, he resided in an adjoining county to that in which it was sought to bring him to answer to the plaintiff's suit.   Because he was not

served with the suit and required to appear, it was held that he might, by affidavit of illegality, go behind the judgment to set up a valid defence to plaintiff's claim, under Code, §3671. The defendant, in the present case, according to his allegations in the affidavit, had notice of the pendency of the suit, for he was served with a copy of the writ of attachment.

Surely he should not be permitted, without amending the grounds of his affidavit, to make, by his proof, another and entirely different case from that set out in his sworn defence. If he has a meritorious defense, he may perhaps be able to avail himself of it, and render it effectual by another proceeding of a different character.

Judgment reversed.