JOHN DOE, *ex dem.*, W. F. WILLIAMS, administrator, plaintiff in error, *vs.* RICHARD ROE, *cas. eject.*, and RICHARD YOUNG, administrator, tenants in possession, defendants in error.

Land having been given in for taxation for the year 1868 by the agent of the estate of a non-resident, he having died in the year 1860, which was subsequently sold by the sheriff for the non-payment of state and county taxes, under an execution for the same against such agent, the purchaser at such sale acquired a valid title.

Williams *vs.* Young.

Ejectment. Taxes. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1873.

For the facts of this case, see the decision.

PEABODY & BRANNON; W. F. WILLIAMS; A. A. DOZIER, for plaintiff in error.

INGRAM & CRAWFORD, for defendants.

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiff, on the demise of W. F. Williams, administrator of Enoch Johnson, deceased, against the defendant, to recover possession of the north half of a city lot in the city of Columbus. The plaintiff proved title to the premises in dispute by deed to Enoch Johnson, the intestate of the plaintiff's lessor, dated 20th January, 1859. The defendant claimed title to the premises under a sheriff's deed made in pursuance of a sale thereof, for taxes. It appears from the evidence in the record that in the year 1868 Wiley Williams gave in the property in dispute for taxes to the tax receiver, as the agent of Enoch Johnson; the following entry appears to have been made on the tax digest for 1868: "Lower town, six hundred and sixty-eighth district, G. M., Muscogee county, Georgia; Wiley Williams, agent for estate of Enoch Johnson; value of city property $900 00; amount assessed at one per cent., $3 60; total amount tax, $6 30." It also appears from the evidence that Wiley Williams was in possession of the property, and controlled it when he gave it in for taxes. A tax *fi. fa.* was issued against Wiley Williams, as agent as aforesaid, for the sum of $6 30, which was levied on the property and sold by the sheriff, on the 7th of September, 1869, and purchased by the defendant. The sheriff executed a deed to the purchaser for the property sold, in which it is recited, that in obedience to a *fieri facias* issued by Enoch Willett, tax collector, etc., against Wiley Williams, agent, the property was

seized and sold, etc.   The property was advertised to be sold
for state and county taxes against Wiley Williams, agent.   It
also appears from the evidence in the record that Enoch
Johnson died in the state of Louisiana in the year 1860, and
that there had been no administration on his estate in this
state until May, 1873.   On the trial of the case, the plaintiff
excepted to the admission of the sheriff's deed in evidence for
the defendant, and also excepted to the following charge of
the court to the jury : "That if the jury believe all the testi-
mony, they should find for the defendant."   There can he no
doubt that this property was subject to taxation, under the
laws of the state, and if it had not been returned for taxation
in the manner as hereinbefore stated by the agent, it could
have been assessed and sold by the tax collector, as provided
by the 855th and 897th sections of the Code.   But the prop-
erty was returned for taxation by the party who was con-
trolling it as agent, and the 857th section of the Code declares,
that "All persons who give in property for persons not resi-
dent in the state, shall be personally liable for the taxes, as
well as the principal and *his property*."   The property thus
given in by the agent being liable for the payment of the tax
due thereon, under the law, it was properly sold for the pay-
ment thereof, and there was no error in admitting the sheriff's
deed in evidence, or in the charge of the court to the jury on
the statement of facts contained in the record.

   Let the judgment of the court below be affirmed.