## Williams *vs.* Moore & Watkins.

1. To lay the foundation for introducing a certified copy of a deed from the records, the party seeking to use such evidence should testify not only that he has not the deed in his possession, power or custody, but also that he believes it has been lost or destroyed.

(*a.*) An examination preliminary to the introduction of such secondary evidence, resting largely in the discretion of the presiding judge, the person holding the original deed having resided in another state, and there died, and this being the sole point of doubt in the case, this court will not grant a new trial thereon.

2. Where an attesting witness to a deed executed in New York stated in the body of his attestation that he was a commissioner resident in the city of New York, duly commissioned and qualified by the executive authority and under the laws of Georgia to take acknowledgments of deeds, his attestation (another witness also signing) was sufficient to admit the deed to record in this state, although he wrote after his signature "a commissioner of deeds for New York."

3. After proper proof by a constable that he made diligent search for personal property and failed to find any, and that the *fi. fa.* in his hands was thereupon levied on realty, the court could allow him to make an entry of no personalty *nunc pro tunc*, although a sale had taken place under the levy, and the question arose in an ejectment suit based thereon.

(*a.*) Such an entry was not an amendment of the *fi. fa.* so as to vitiate the levy and sale thereunder.

4. While persons cannot lawfully combine to reduce the price of property offered at sheriff's sale, or the number of bidders therefor, or for the purpose of interfering with any right of the defendant in *fi. fa.*, yet two persons may lawfully join their interests and *bona fide* purchase in common at a sheriff's sale.

5. The other exceptions are covered by the ruling in 51 *Ga.*, 453.

Evidence.   Deeds.   Registration.   Levy and Sale. Constables.   Executions.   Partnership.   Before Judge . MERSHON.   Glynn Superior Court.   May Term, 1881.

Reported in the decision.

SYMMES & ATKINSON, for plaintiff in error.

J. M. VINCENT; GOODYEAR, HARRIS & KAY, for defendants.

CRAWFORD, Justice.

Moore & Watkins brought suit in ejectment against William Williams to recover a lot in the city of Brunswick, to which they claimed title.

The facts appear to be that a corporation known as "The Proprietors of the City of Brunswick," sold the premises in dispute to one James B. Taylor; that in 1872, the said Taylor having died, the lot in question was given in for taxes by one C. S. Schlater, agent for the estate of Taylor; that the taxes not being paid, a tax *fi. fa.* was issued, the lot levied on, sold and bought by the plaintiffs; that Williams being in possession, this suit was brought against him, and the plaintiffs obtained a verdict, which he sought to set aside, but failing, brings the case to this court for the errors alleged to have been committed on the trial.

1. The first error alleged and relied upon is, that the court erred in admitting in evidence a certified copy of the deed to Taylor without laying the proper foundation therefor.

The 42d rule of the superior court requires that, " in order to introduce the copy of a deed in evidence, the oath of the party stating his belief of the loss or destruction of the original, and that it is not in his possession, power or custody, shall be a sufficient foundation for the introduction of such secondary evidence."

The parties in this case testify that they never had the

original deed ; that it never was in their possession, custody or control ; but they say nothing whatsoever as to their belief of its loss or destruction, or that they had made any search for or effort to ascertain whether it was lost or destroyed. Whilst the examination preliminary to the introduction of secondary evidence must be left largely in the hands of the presiding judge, we think that the rule of court in this case was not strictly complied with, so as to admit the copy deed in evidence. But as the evidence showed that Jos. B. Taylor resided in the state of New York in his life time, where a *subpœna duces tecum* would not reach him, and where the parties could only have made inquiry as to the original deed, and obtained it if the executor chose to deliver it up, we cannot say that the judge so abused his discretion in admitting the copy, legally recorded in this state, as to justify the grant of a new trial, especially as this is the only doubtful ruling made by the judge during the progress of the case.

2. It was further insisted, that the deed was improperly recorded because the same had been attested by Jas. B. Grady, a commissioner of deeds for New York, when it should have been by a commissioner of deeds for Georgia. This attesting witness recites in the body of his certificate that he is " a commissioner resident in the city of New York, duly commissioned and qualified by the executive authority, and under the laws of the state of Georgia, to take acknowledgments of deeds," etc., which is sufficient *prima facie* to establish the fact of his official power to act as such commissioner, and to attest deeds in the state of New York for lands in Georgia, and this, notwithstanding he signs his name and adds thereto the words, " a commissioner of deeds for New York."

We think that, taking the whole paper together, its only meaning and effect is that he was a commissioner of deeds for Georgia in the state of New York, and, therefore, that the record of the deed was not illegal.

3. Another error complained of is the fact that the

v 68—39

judge allowed the constable, after proper proof by him, to enter on the *fi. fa. nunc pro tunc*, no personal property to be found upon which to levy the same. Before this entry was made, the constable testified that he had made diligent search for personal property upon which to levy the execution, but failed to find any. There was no error in allowing this entry to be made under §3498 of the Code, and 55 *Ga.*, 145, nor was it such an amendment of the *fi. fa.* itself as to vitiate the levy; indeed the amendment did not go to the *fi. fa.* at all.

4. Another ground of error alleged is that the judge charged the jury as follows : " That if you find from the evidence that Moore and Watkins formed a partnership with the view of defrauding the rights of the defendant in that tax *fi. fa.*, either by preventing a sale for its full value, or for the purpose of reducing the number of bidders for the property, it would be a fraud, but I charge you that it is competent for persons to join their interests in the purchase of property at any sale, whether tax sale or not, provided it is not organized for the purpose of reducing the value of the property, or in some way interfering with the rights of the party whose property was to be sold."

We see no error in this charge of the court.

5. There are several other assignments of error in the bill of exceptions, but they fall under, and are ruled fully by the case of *Doe ex dem; W. F. Williams, adm'r, and vs. Roe, cas. eject., and Richard Young tenant*, in 51 *Ga.*, 453.

Judgment affirmed.