## COLLINS & SON *vs.* HUDSON, trustee, *et al.*

1. A levy by one without authority is no levy, and sale thereunder is no sale.   Where an entry of levy showed that land in one county had been levied on by the sheriff of another county, it was on its face void.

2. The title made to a purchaser at sheriff's sale should show a good levy as a muniment of such title.

(*a.*) Where there was no sheriff in a county, and a levy on realty was made by the sheriff of a neighboring county, such fact could be added to the entry of the levy, but no motion to amend the entry was made in this case.

3. On the trial of a claim case, a failure to enter material facts by the sheriff cannot be corrected by proving such facts by parol, unless in exceptional cases where equity would relieve against such accident or mistake.

(*a.*) No such case was shown.

(*b.*) While the dismissal of a levy does conclude the particular case pending, it does not ordinarily prevent or bar another levy and a trial on the merits.

4. The dismissal of a levy concludes the particular case in which it is made, and a bill of exceptions lies to this court from such ruling.

October 3, 1882.

Levy and Sale. Sheriffs. Nullities. Claim. Evidence. Practice in Supreme Court. Before Judge SIMMONS. Macon Superior Court. June Adjourned Term, 1882.

A *fi. fa.* in favor of Collins & Son *vs.* Barbour, was levied on certain land to which a claim was interposed by Hudson, trustee. On the trial, plaintiffs tendered in evidence the *fi. fa.* with the entry of levy thereon. This entry showed that the land was located in Macon county, and was signed by the sheriff of Houston county. It was objected to by claimant. Plaintiffs offered to prove by parol that Houston and Macon were adjoining counties, and that at the time of the levy there was no sheriff or coroner in Macon county. The evidence was rejected and the levy dismissed. Plaintiffs excepted.

A motion was made to dismiss the writ of error, on the ground that a dismissal of the levy did not finally dispose of the case or the *fi. fa.*, as it could be re levied and a new claim interposed. The motion was denied.

ALLEN FORT; W. H. FISH, by brief, for plaintiffs in error.

GUERRY & SON; HAWKINS & HAWKINS, for defendants in error.

JACKSON, Chief Justice.

This was a claim case. The levy was made by the

v 69—44

sheriff of Houston county, on land in Macon county, and plaintiffs offered to prove that there was then no sheriff in Macon, so as to bring the case within the Code; but no offer was made to amend the levy and insert therein the authority to levy. The levy was dismissed, and the plaintiff excepted.

1. A levy by one without authority is no levy, and sale under it, no sale. 60 *Ga.*, 466. Therefore, as the sheriff showed he had no power to levy, it was null and void.

2. The title of the purchaser ought to show a good levy, because it is a muniment of title, and may be recorded with sheriff's deed, and go in evidence from the record. True, it might be amended so as to perfect the entry. No effort was made to have it done, and no reason given why it could not be done.

3. Could it be corrected by parol proof? We hardly think so, unless in cases where equity would relieve; such as accident or mistake. 53 *Ga.*, 138, 142. That proof would never get on the execution, and the muniment of title would never be perfected. It is best not to allow parol proof, unless a reason to the contrary, from the particular facts of the case, shows the necessity of the parol proof, and that the omission was by mistake or accident of the levying officer. No such proof was made here; and the dismissal of the levy, while it does conclude the particular case pending, does not ordinarily prevent or bar another levy and trial on the real merits.

Even where a judge of the superior court acts on an injunction, it has been held, that if he acts out of his circuit, it must appear of record that he has authority so to do by reason of some disability of the judge of the circuit other than his own, wherein for the time he can legally pass on the application. Presumptions will not do. If not in the case of a judge of the superior court, surely not in the case of a sheriff.

4. The dismissal of a levy does conclude the particular claim case pending; therefore, exception to it will lie,

and the case is properly here, and the motion to dismiss the writ of error cannot be granted.

Judgment affirmed.