## ROBINSON *et al. vs.* BURGE.

1. A sheriff's deed based on a justice court *fi. fa.*, upon which there is no entry of " no personal property to be found," is void, and conveys no title.

2. The officer making the levy upon realty could make the entry of no personalty *nunc pro tunc*, provided he was still in office; but in the absence of any effort to have this done, the sheriff's deed was properly held void.

February 2, 1884.

Levy and Sale. Title. Execution. Before Judge HAMMOND. Fulton Superior Court. April Term, 1883.

Robinson *et al.* brought complaint for land against Burge. Plaintiffs relied on a sheriff's deed under certain justice court *fi. fas.*, on which there was no entry of " no

personalty." These were objected to. Plaintiffs offered, in connection with the deed and *fi. fas.*, to prove by the constable who made the levy, but who had since gone out of office, that defendant had no personal property. The court announced that, even with such proof in, he would reject the evidence offered. This was done, and nothing else being offered, a non-suit was granted, and plaintiffs excepted.

COLLIER & COLLIER, for plaintiffs in error.

CANDLER & THOMSON, for defendant.

BLANDFORD, Justice.

1. The controlling question in this case is, whether land sold under a justice's court execution, upon which there was no entry of " no personal property to be found," transfers and conveys the title to the purchaser.

The uniform decisions of this court, commencing with *Hopkins vs. Burch*, 3 Kelly, 222, down to the present time, have been, even under the act of 1811, that there must be an entry of " no personal property to be found," before the constable is authorized to make the levy upon land. This principle, decided so early as 1847, has been incorporated in the Code of Georgia, and now forms a part of the statute law of this state. Code, §4172 (b).

So it must follow that a deed of conveyance, made by a sheriff under a justice's court *fi. fa.*, of land, upon which there was no entry of no personal property to be found on said execution, is void, and conveys no title.

2. It has been repeatedly held by this court, that the officer making the levy could make the entry *nunc pro tunc*, of no personal property to be found. If the officer has gone out of office, then it is too late to have the entry made, and it cannot be done. Code, §3645, 3948; 68 *Ga.*, 585. But the plaintiffs in the present case made no effort,

and did not seek to have this entry of the constable corrected, as the law authorized.

The plaintiffs having rested their case upon a deed made by the sheriff, under a sale made by virtue of a justice's court execution, upon which there was no entry of "no personal property to be found," the court was right to award a non-suit in this case, and his judgment is affirmed.

Judgment affirmed.