BEUTELL v. OLIVER, administratrix, *et al.*

1. Service of an amendment to a declaration, whether made by a proper officer or evidenced by acknowledgment and waiver signed by counsel for defendant, is no substitute for service of the declaration itself and of the process annexed thereto.
2. After a sheriff or deputy-sheriff has gone out of office, he cannot, without some order of the court giving direction in the matter, amend an incomplete or defective return of service made by him while in office.
3. There being on the declaration and process an incomplete return of service, the return was amendable; but no motion to amend being made, and the case being before the court for final trial, it was not error to reject a traverse of the return tendered by the plaintiff, nor to refuse a continuance in order to perfect service, nor to dismiss the action for want of service. These matters are subject to the discretion of the court, there being a want of due diligence on the part of the plaintiff in procuring service or in obtaining a proper return thereof. His remedy for an incomplete return was not by traverse, but by application to have the return amended, which, if made and supported by sufficient evidence, would have been granted as matter of right. *Judgment affirmed.*
   April 28, 1892. By two Justices.

Service. Practice. Amendment. Traverse. Continuance. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1891.

Beutell sued Mrs. Oliver, as administratrix of George Oliver, and the Board of Control of the Orphan Asylum Fund, District Lodge No. 5, Independent Order B'nia B'rith. The entry of service upon the declaration, as it appeared at the time of trial, was: "Served E. P. Oliver, Joseph Hirsch as chairman board of control of defendant, and R. A. Sonn, as sup't, each personally with a copy of the within. This February 15, 1890. W. A. Wilson, D. Sheriff." When the case came on to be heard, counsel for defendants moved to dismiss the cause as to the board of control, as it had not been served, and stated in his place that the entry of service, as originally made, showed that the deputy-sheriff had served Mrs. Oliver, Hirsch and Sonn individually, and that the words "as chairman board of control of defendant" and the words "as sup't" had been interlined in the original service by the deputy-sheriff only a few days before, and that said officer was out of office when the amendments of service were made. Plaintiff admitted this to be true, but resisted the motion on the ground that defendants had acknowledged service upon an amendment filed in the cause, as appeared of record, and that the acknowledgment (which was as follows: "We acknowledge due and legal service and notice of this amendment, and waive copy, order of judge, copy of same and further notice, reserving all right of exception and objection to the amendment, November 21, 1891," signed by counsel for defendant as "attorneys for board of control") brought such defendants into court. The amendment in question simply set forth the notice alleged to have been served upon the board of control by Beutell, that he had filed a mechanic's lien for work and material furnished Oliver and the orphan asylum; and that the person notified (Hirsch as chairman of the building committee) pay out no more money to Oliver's estate until plaintiff's claim was settled. Counsel for de-

fendants insisted that the right to make the objection was included in the reservation made in the acknowledgment of service, and still objected. The court sustained the objection as to the want of service, and ordered the case dismissed so far as the board of control, as defendants, were concerned. Before the order of dismissal was made, counsel for Beutell proposed in open court to traverse the return of the sheriff. The court held that he had no right at this time to traverse it. Plaintiff then moved to continue the cause so that service could be perfected. The court overruled the motion, on the ground that the cause for the motion existed at the time the case was put upon the trial calendar and had not arisen since. The rules of the court below pertinent to this matter are as follows: "The docket shall not be called except on Saturday at nine o'clock A. M. Cases shall be called in their order on the docket and shall then be set for trial during the next succeeding week that is devoted to civil business. Each case on trial calendar shall be tried in its order on that calendar when reached, unless continued for legal cause arising after it went to that calendar." To each of the three rulings above stated the plaintiff excepted. A further allegation of error is, that the court erred in allowing defendants to take advantage of the return of the sheriff in the manner in which it was done, because the law requires defendant to traverse such return.

There was a plea in abatement filed by Mrs. Oliver as administratrix. It was admitted that she had not qualified as administratrix twelve months prior to the bringing of this suit, and the jury rendered a verdict in her favor on her plea.

WALTER R. BROWN, for plaintiff.

J. H. LUMPKIN and WEIL & GOODWIN, for defendants.