McLEOD *et al. v.* BROOKS LUMBER CO. *et al.*

1  As a general rule, an officer who is still in commission may so amend an entry of levy made by him as to make the same conform to the actual facts of the transaction, even after the sale of the property levied upon. Whether this amendment could be allowed to the prejudice of an innocent purchaser without notice, is not now for determination.

2. Unsupported by an actual or constructive possession upon the part of the person against whom a tax execution is issued, a tax deed made in pursuance of a sale thereunder is not sufficient evidence of title in the grantee therein to warrant, at his instance, the grant of an injunction as against even a trespasser upon the premises conveyed, without further evidence that the

defendant against whom such tax execution was issued held the title. It is otherwise where, under statutory provisions, the execution is directed against the land itself for taxes due upon it, and not against the alleged owner for taxes due by him generally.

March 30, 1896.    Argued at the last term.

Petition for injunction.    Before Judge Sweat.    Charlton county.    September 2, 1895.

*S. T. Kingsbery, Goodyear, Kay & Brantley* and *C. C. Thomas*, for plaintiffs.

*W. M. Toomer* and *L. A. Wilson*, for defendants.

ATKINSON, Justice.

Plaintiffs in error, being plaintiffs in the court below, filed their petition against the defendants, alleging that they had perfect title to certain tracts of land described; that defendants without title had entered upon the same, and were proceeding to cut therefrom the valuable pine timber growing thereon; and prayed an injunction to restrain defendants.    Upon the hearing the plaintiffs introduced in evidence certain grants and deeds which were not of themselves sufficient to invest in them a legal title; but really rested their claim to title upon certain tax deeds to the premises, which were likewise introduced in evidence, together with the executions upon which they were based. The deeds and executions being both offered in evidence, objection was made to them upon the ground that the levy of the executions was insufficient, for the reason that the entry did not state the county in which the levy was made, and did not state in what district the lands levied upon were situated.    To meet this objection, the sheriff who made the levies being then and there present in court, the plaintiffs moved to have the officer to amend the levy so as to make it conform to the real facts of the case, it appearing further that the officer making the return was still in office; but this motion was disallowed by the court.    They then tendered in evidence the tax executions upon which the levies were

made, which appear to have been issued by the tax-collector of Charlton county, and directed that of the goods, etc., of Crews & Thaggard there be made $104.02, being amount of State and county taxes for the year 1894. This execution was dated December 20th, 1894. The entry of the sheriff thereon was in the following words:

"Georgia ——————— County. I have this day levied within *fi. fa.* on the following described property: 34 lots of land, numbers as follows [giving numbers of lots, but not the districts or county] levied on as the property of defendants Crews & Thaggard, to satisfy this *fi. fa.* and the costs. This 30th day of March, 1895.

[Signed]　　　　　　　H. S. Maddox, Sheriff C. C."

There was no evidence introduced showing title to the premises in the defendants named in the execution, nor was it shown that they were ever at any time in possession. The petitioners introduced deeds in evidence which connected them as privies in title with the purchaser at the tax sale; the defendants introduced no testimony. The court held that the plaintiffs had not shown such a perfect title as authorized the grant of an injunction against the defendants. They excepted to this ruling of the court, as well as to the refusal of the court to allow the sheriff to amend his entry of the levy in accordance with the offer made by them at the time the tax deed was introduced in evidence.

1. We think the court erred in not allowing the amendment by the sheriff of his entry of the levy. It appears that the sheriff who made the levy and entry thereof originally was still in office; and it was held by this court as early as the case of *Hopkins* v. *Burch*, 3 *Ga.* 225, that so long as the sheriff is in office and the parties are protected by his official bond, he might amend his return. The same rule was applicable to constables making returns while yet in office. See *Jesup* v. *Gragg*, 12 *Ga.* 263; 68 *Ga.* 73; and the right of the sheriff to so amend was recognized in the case of *Collins & Son* v. *Hudson*, 69 *Ga.* 685, and again in the same volume in *Hudspeth* v. *Scar-*

*borough*, page 777. These adjudicated cases seem to conclude the question in this State, that while the sheriff is yet in office he may amend his official returns so that they will conform to the real truth of the transaction at the time the original return was made.

2. It will be observed in the present case, that while the lands sold at the tax sale were in fact wild and unimproved, still the execution under which they were sold was neither issued against them as wild lands, nor as lands unreturned. They were issued *in personam* against the defendants Crews & Thaggard, and the direction of the tax-collector was that the sheriff seize and sell the property of these defendants. Inasmuch as the sheriff had authority to sell only the property of the named defendants, the purchaser at the sale acquired only their interest in the property sold; and therefore, in order for it to appear that these plaintiffs had a perfect title to the premises, it must have appeared that the property was in fact the property of Crews & Thaggard. Had they shown a perfect title in Crews & Thaggard, this would have sufficed to perfect title in them. In the absence of such evidence, it was necessary for them to have shown possession of the premises by Crews & Thaggard at the time the tax executions were issued. Had this been shown, the law might have presumed that the title was in them, upon the well established legal supposition that possession is *prima facie* ownership of property. There being no evidence to show either a legal title in Crews & Thaggard or that they were in possession of the premises at the time the executions were issued, the plaintiffs failed to show in themselves a perfect title to the premises, and hence were not entitled to the grant of an injunction. See *Flannery & Co.* v. *Hightower, 97 Ga.* 592.                            *Judgment affirmed.*