MANLEY *v.* McKENZIE, ordinary for use, etc.

1. An entry of levy upon land which describes the particular parcel of land in such a way as to be thoroughly capable of identification, but is defective for the reason that it does not state that the property was levied upon as the property of· the defendant, may be amended by supplying this statement.  Such amendment may be made by the officer who made the levy, without an order of court, if he is in office at the time of the amendment.  If he is not in office, the amendment may be made by him under an order of court, duly passed.
2. When, in the trial of a claim case, the claimant admits that the defendant in execution was in possession of the property at the time of the levy, and assumes the burden of proof, and claims the right to open and conclude the evidence and argument, which right is granted by the court, it is not necessary that the execution and levy should be formally introduced in evidence.
3. The evidence authorized the verdict, and no sufficient reason appears for reversing the judgment.

Submitted April 18,—Decided May 16, 1907.

Levy and claim.   Before Judge Russell.   Franklin superior court.   February 16, 1906.

An execution in favor of McKenzie, ordinary, for the use of named parties, against Manley as principal, and two others as securities, was levied upon two described tracts of land.  Mrs. Manley, the wife of the defendant in execution, interposed a claim to both tracts.  At the trial the plaintiff filed an amendment to the joinder of issue, setting up various equitable reasons why the land levied on was subject to the execution.  The trial resulted in a finding that one of the tracts was subject and the other not subject.  The claimant made a motion for a new trial, which was overruled, and she excepted.

*J. H. Skelton, W. R. Little,* and *B. F. Camp,* for plaintiff in error.

*J. A. Neese, W. I. Pike,* and *A. G. & Julian McCurry,* contra.

Cobb, P. J.  (After stating the foregoing facts.)

1. The levy was complete as to the description of the property seized.  It failed to state that the property was levied on as the

property of the defendant, Manley. A motion was made to dismiss the levy for this reason. The levy appears to have been made by the deputy sheriff, who, at the time of the trial, was out of office. The judge passed an order allowing the former deputy sheriff (who was in court) to amend the levy by inserting therein the statement that the property was levied on as the property of the defendant, Manley. Error is assigned upon the refusal of the court to dismiss the levy, and upon the allowance of the order amending the levy, above referred to. The code declares: "The sheriff or other executing officer may amend his official entries and returns so as to make such entries and returns conform to the facts of the case at the time such entry or return was made." Civil Code, §5116. So long as an officer is in office, he is permitted to make necessary amendments to complete his official returns; the parties affected thereby being protected by his official bond in the event that the return as amended constitutes a false return. *Hopkins* v. *Burch,* 3 *Ga.* 222. When an officer has gone out of office he has no authority to make an official return, nor to amend the return made by him while in office, so as to relieve a defect appearing therein. The authority which he formerly had, growing out of his official position, no longer exists, and whether he can do any act necessary to make complete that which was incomplete when he retired from office depends upon whether, at the time he does the act, he has derived authority from some source authorized to confer it. The code declares, "If the sheriff or other executing officer shall fail to make an official return which by law he should have made, such entry or return may be made nunc pro tunc by order of the court, so as to make the proceedings conform to the facts at the time the entry should have been made." Civil Code, §5117. This section authorizes the court, by order, to direct an officer to complete a defective return, and the authority of the court is not limited to cases where the officer is still in office. When it appears that the return by an officer is incomplete, and the officer is no longer in office, and sufficient evidence is brought to the attention of the court to show that the officer could make a truthful return which would be complete in all respects, an application to amend the return is to be generally granted as a matter of right. *Beutell* v. *Oliver,* 89 *Ga.* 246. In such cases parties whose rights are affected by the return are supposed to be protected

by the judgment of the court authorizing the amendment. If they have notice of the motion to amend, of course the judgment binds them; if they have no notice they would not be bound. While the judge is not required to suspend the trial in order to allow a party to secure an amendment to a defective return which is involved in a case, still, if in his discretion the interests of justice require this to be done, he may suspend the trial, hear the necessary evidence, and allow the return to be amended in order that, as amended, it may be used in the pending case.

In *Williams* v. *Moore*, 68 *Ga.* 585, which was an ejectment case, the judge suspended the trial, allowed evidence to be introduced to show that the constable who had levied upon the tract of land had made diligent search for personal property and had failed to find any, and allowed an entry nunc pro tunc to that effect to be entered upon the execution. It seems to be well settled that an officer may amend his return at any time so long as he is in office, and that, under an order of court, he may make such an amendment after he has gone out of office. But it is said that a levy upon land is not such a return as is subject to the rule; that the written entry of the levy is the only seizure; and that if this is not complete at the time it is written and signed, there could be no amendment; that it is no levy and no seizure, and that any amendment completing it simply has the effect to make a seizure from the date of the amendment. Attention is called by counsel to the language of Judge McCay, in *Ansley* v. *Wilson*, 50 *Ga.* 423. There that learned judge says: "In this State land is not, in fact, taken possession of by the levying officer. The levy consists in the entry on the fi. fa. We doubt even if a levy on land could be amended, if essentially defective. If there were a sufficient entry to show that it was the intent of the officer to devote a particular, defined portion of the land to sale, perhaps matters of form, as the date, etc., might be added by amendment. But an entry of this sort is more than a return, stating what the officer has done. It is the thing itself. The entry is the seizure. It takes the place of the manucaption of personal property. Could the failure to seize personal property be remedied by an amendment?" It is to be kept in mind, however, that the question involved in that case was as to the right to amend the levy so far as the description of the property was concerned. The original entry was so defective

that no particular piece of property was identified thereby. In such a case there is nothing to amend by. But if the entry describes the land seized with such particularity that there can be no doubt about its identity, and the defect in the entry refers to other matters than the description of the property seized, we see no reason why the entry is not subject to amendment under the same rules and regulations as control in reference to other returns. The authority of the officer to make a levy may be supplied by amendment, as it was in the case above referred to, where the constable was allowed to enter the return of no personal property nunc pro tunc. In *Collins* v. *Hudson,* 69 *Ga.* 684, the entry showed that land in one county had been levied on by the sheriff of another county. It was held that the levy was prima facie void, but it was said that the levy might have been amended so as to show that there was no sheriff in the county, which statement would have made the levy regular.

In the present case the levy was complete and perfect so far as the description of the property was concerned. The only defect was that, the execution being against three persons, the levy failed to state that the land was seized as the property of Manley. We see no sufficient reason why this defect was not subject to be cured by amendment; and, as the deputy sheriff who made the levy was out of office, we think the court had authority to pass an order conferring upon him power to complete the entry made by him while he was in office. It is said, though, that even if the court had power to direct the amendment, the amendment should have been made by the sheriff then in office. We think that the amendment was properly made by the individual who was the officer at the time that the entry was made, notwithstanding it appeared that the present sheriff was the same individual who was sheriff at the time that the entry was made and had appointed the deputy who was out of office.

2. Error is assigned upon the refusal of the judge to sustain the motion of the claimant, made at the conclusion of the evidence in the case, to dismiss the levy for the reason that the execution, which was the foundation of the proceeding, had not been introduced in evidence. It appears that the claimant admitted that the defendant was in possession at the date of the levy, assumed the burden of proof, and asserted the right to open and conclude the evidence

and argument, which right was granted to her by the court. The effect of this was to admit that the plaintiff in execution had a complete case, which would authorize the condemnation of the land to the execution. It was not incumbent upon the plaintiff in execution to introduce any evidence whatever. He could have gone to the jury on the claimant's case if he had seen proper. The conduct of the claimant was such as to admit his right to a verdict condemning the property, unless the jury should believe that the evidence introduced by the claimant was sufficient to overcome the effect of this admission. In addition to this, the execution and entries thereon were a part of the pleadings in the case, and the court and jury might look to them for any purpose that might be necessary to a proper disposition of the case. We do not think, under the circumstances, that it was at all necessary that the execution should have been formally introduced in evidence. See, in this connection, *Cothran* v. *Forsyth,* 68 *Ga.* 560.

3. The only remaining question is whether the verdict is supported by the evidence. The case involved one of those transactions which are by no means infrequent. The husband, in an hour of financial distress, prefers his wife as a creditor, and makes a conveyance to her which renders him insolvent. In such cases the question of the good faith of the wife, not only as to the existence of her debt, but as to her conduct in reference to the transaction, becomes material for consideration by the jury. The positive testimony of the husband and wife, if overcome at all, must be, in such cases, overcome by the proof of circumstances. Slight circumstances may be sufficient, under certain conditions, to carry conviction to the mind of the jury of the existence of fraud. There were, in the present case, some circumstances which would indicate that the wife's claim was not, in fact, so large as she had testified, and there were other circumstances which were calculated to impeach the bona fides of the transaction between her and her husband. The evidence was distressingly conflicting at various points; and while, as is usually the case in the investigation of such transactions, the evidence seems to have preponderated in favor of the wife, we can not say that the verdict was entirely unsupported by the evidence; and therefore the discretion of the judge in refusing to grant a new trial will not be interfered with.

*Judgment affirmed. All the Justices concur.*