## DORMINEY et al. v. DeLANG.

Where a fi. fa. against two defendants is levied on a city lot, and the entry of levy accurately and with particularity describes the land, and states that it is levied on "as the property of the defendant," and the levying

officer, while still in office, offers to amend the entry by adding the name of the defendant as whose property the land was levied on, the court may allow the amendment. Such amendment may be made after the sale.

Submitted February 13,—Decided May 13, 1908.

Equitable petition. Before Judge Martin. Irwin superior court. May 13, 1908.

*W. H. Horne* and *McDonald & Quincey,* for plaintiffs in error. *Jay & Jay,* contra.

EVANS, P. J. This was a suit to cancel a sheriff's deed, on the ground that the sale of the land was invalid, because the execution had been paid, and the levy was void for excessiveness and indefiniteness in the entry. The evidence was conflicting on the issues as to payment and the excessiveness of the levy. The execution under which the sale was made ran against C. A. DeLang and Sidney Clare, and the entry of levy was: "Georgia, Irwin county. I have this day levied the within fi. fa. on city lot No. 7, square No. 1, block 10, in the city of Fitzgerald, Irwin county, Ga., as the property of the defendant. This Aug. 6th, 1903;" signed by the sheriff. During the trial the court refused a motion of the defendants in the present case to allow the sheriff, who made the levy, and who was still in office and present in court, to amend his entry of levy by naming which of the two joint defendants' property was levied upon. The court ruled that this amendment could not be made after the sale, and denied the motion. The correctness of this ruling is the controlling point in the present record.

The Civil Code (§§ 5116, 5117) provides that "the sheriff or other executing officer may amend his official entries and returns so as to make such entries and returns conform to the facts of the case at the time such entry or return was made." "If the sheriff or other executing officer shall fail to make an official return which by law he should have made, such entry or return may be made nunc pro tunc by order of the court, so as to make the proceedings conform to the facts at the time the entry should have been made." An amendment to a levy allowable under these sections may be made although the sale under the levy may have taken place. *Williams* v. *Moore,* 68 *Ga.* 585; *McLeod* v. *Brooks,* 98 *Ga.* 253 (26 S. E. 745). The court is not bound to suspend the trial of a case in order to allow a party to secure an amend-

ment to a defective return. Still, if in his discretion the interests of justice require this to be done, he may suspend the trial and hear the necessary evidence and allow the entry or return to be amended, in order that as amended it may be used in the pending case. It is not every entry of levy which may be amended; the entry of levy may be so defective that it does not in law amount to a levy, and in such cases the entry of the sheriff can not be amended. The statute requires that "the officer making a levy shall always enter the same on the process by virtue of which such levy is made, and in such entry shall plainly describe the property levied on, and the amount of the interest of the defendant therein." Civil Code, §5421. Where land is levied upon, and the entry of levy is so indefinite that the land can not be accurately identified, the entry is so defective that it can not be cured by amendment. *Ansley* v. *Wilson,* 50 *Ga.* 418. If, however, the entry describes the land seized, with such particularity that there can be no doubt about its identity, and the defect in the entry refers to other matters than the description of the property seized, the defect may be cured by amendment. *Manley* v. *McKenzie,* 128 *Ga.* 347 (57 S. E. 705).

The decisions of this court since the case of *Hopkins* v. *Burch,* 3 *Ga.* 222, have been uniform that there must be an entry of "no personal property to be found," before a justice's court fi. fa. can be legally levied on land; and in *Robinson* v. *Burge,* 71 *Ga.* 526, it was held that a sheriff's deed, based on a justice's court fi. fa. upon which there was no entry of "no personal property to be found," is void, and conveys no title. Yet it has been held that after proper proof by a constable that he had made diligent search for personal property and failed to find any, and that the fi. fa. in his hands was thereupon levied on realty, the court could allow him to make an entry of no personalty, nunc pro tunc, although a sale had taken place under the levy, and the question arose in an ejectment suit based thereon. *Williams* v. *Moore,* supra. At first glance it might seem that the last-cited case conflicts in principle with the cases of *Robinson* v. *Burge,* and *Hopkins* v. *Burch,* but on a careful analysis of the underlying principle it will be found that there is no antagonism between them. There must be a seizure of property, to constitute a levy; and in this State, as there is never any actual taking possession

of land by the levying officer, his entry of the levy is an official
assertion by him of his appropriation of the land to the plain--
tiff's judgment, and is constructive seizure. *Isam* v. *Hooks,* 46
*Ga.* 309. Where the statute requires a precedent act before a
levy can be made, the performance of that act is necessary, and an
official return thereof should be made by appropriate entry. If
the statute does not require the entry of the precedent act, as an
essential to the making of the levy, then the validity of the levy
rests upon the performance of the act, and not upon the official
return. Hence, if the officer did the act which the law required
of him as a condition precedent to making the levy, the entry
of levy could be amended so as to furnish official evidence that
the condition had been complied with. The only means of ascer--
taining that the levying officer had made diligent search to find
personal property of the defendant and had failed to find any, and
after such search had levied a justice's court fi. fa. on land, is
from his entry on the fi. fa.; and the code sections previously
quoted allow him to amend his entry so as to conform to the
real facts. Thus, where there was no sheriff in a county, and a
levy on realty was made by the sheriff of an adjoining county,
that fact could be added to the entry by amendment. *Collins* v.
*Hudson,* 69 *Ga.* 684.

The essential feature of a valid entry of levy on land is the
description of the land in such a way as to be thoroughly capable
of identification; and minor defects may be supplied by amend--
ment. The entry of levy may be amended by adding the sher-
iff's signature which has been inadvertently omitted. *Sharp* v.
*Kennedy,* 50 *Ga.* 208; *Rutherford* v. *Crawford,* 53 *Ga.* 138. The
date may be supplied. In *Manley* v. *McKenzie,* 128 *Ga.* 347 (57
S. E. 705), many of the prior decisions of this court on the sub--
ject of amendment of an entry of levy by the officer who made it
were examined, and it was there decided that an entry of levy
upon land which describes the particular parcel of land in such a
way as to be thoroughly capable of identification, but is defective
for the reason that it does not state that the property was levied
upon as the property of the defendant, may be amended by sup-
plying this statement, where the officer who made the entry is pres--
ent in court and offers so to do. If the failure to state, in the
entry, that the property seized is levied on as the property of the

defendant, be an amendable defect, then, for the same cogent reason, where the entry of levy on a fi. fa. against two defendants recites that the land is levied on as the property of "the defendant," it may be amended by stating which defendant is the alleged owner of the property.

But it is said that in several cases it has been ruled that where an execution is against more than one defendant, an entry of levy which fails to state on whose property it was made is not sufficient, and that a sale and deed under such a levy will not divest the title of the real owner of the land (*Anderson* v. *Lee.* 53 *Ga.* 190; *Overby* v. *Hart,* 68 *Ga.* 498; *Cooper* v. *Yearwood,* 119 *Ga.* 44 (45 S. E. 716); *New Eng. Mortgage Security Co.* v. *Watson,* 99 *Ga.* 733 (27 S. E. 160); *Tuells* v. *Torras,* 113 *Ga.* 691 (39 S. E. 455)); and it is argued that these cases imperatively demand a holding that such a defect is not amendable. In none of these cases was there an offer to amend, and in the two last cited the process was an attachment. It is to be noted that more strictness in this regard is required in cases of the levy of attachments upon real estate than in those of ordinary executions. In *Anderson* v. *Lee,* supra, the land levied on was so defectively described that it was impossible to locate it; and that was adverted to in the opinion. McCay, J., said, that if the property had been sufficiently described, "something might be said in favor of the levy." It is not disputed that where an ordinary execution against several defendants is levied upon certain land, an entry of levy which does not show as whose property the land was levied on is insufficient, and, unless amended, will invalidate the sale thereunder. The same is true where a justice's court fi. fa., without previous entry of "no personal property to be found," is levied on land. In each instance the levy is not void because of the omission in the entry; it is simply defective. The defect is amendable in the manner defined by the law; but unless amended, the levy will not serve as the basis of a sale so as to divest title. As already pointed out, the amendment may be made just as well after as before sale. The court erred in refusing the motion to amend.

It appears that the sheriff who made the levy died after the trial. No question was made by the record as to whether, under the facts of this case, the amendment proffered could be made

after his death, and such question has not been considered and is not decided by us. *Judgment reversed. All the Justices concur.*