## THORNTON *v.* HITCHCOCK.

1. Where a motion is made to dismiss the return of processioners because of incompleteness and non-compliance with the statute, it is competent to allow the processioners (they being in office at the time) to amend their return; and if the deficiencies pointed out in the motion are cured by the amendment, it is proper to deny the motion. Such amendment may be made after a protest is filed to the processioners' return, and during the trial of the issue formed thereon.

2. Where an application is made to certain persons as processioners to have the land of the applicant processioned, a variance in the initials of one of the processioners as stated in the application from that as stated in the return, where no point as to the identity of the person is raised, is insufficient to invalidate the return.

3. The evidence was sufficient to support the verdict.

APRIL 18, 1913.

Processioning. Before Judge J. B. Park. Putnam superior court. March 19, 1912.

*Roy D. Stubbs* and *W. T. Davidson,* for plaintiff in error.

*W. F. Jenkins* and *S. T. Wingfield,* contra.

EVANS, P. J. R. L. Hitchcock made application to the processioners of land for the 314th (Kinderbook) District of Putnam

county to have his land processioned, and especially the line between his land and that of G. M. Thornton. Upon that application the land was surveyed, and the processioners made the following return: "Georgia—Putnam County. June 1st, 1909. We, the undersigned processioners of Kinderhook Dist., Putnam County, Ga., have had Farrar line and Noah Lawrence line run, and find corner on Farrar line near the place recognized by all parties interested; and we have decided to make the line that divided R. L. Hitchcock and G. M. Thornton on the Farrar line and run in a straight line to the district line where it crosses the big road between 314 and 369 dists." Thornton filed a protest, and the whole proceedings were duly transmitted to the superior court of Putnam county. On the call of the case for trial the protestant moved to dismiss the return of the processioners, on the ground that it showed on its face that an arbitrary dividing line had been made between the lands of applicant and protestant, and had not been marked out or traced as provided by the statute; and that the return failed to show that any application had been made to the processioners, to authorize their action. At the instance of the applicant the court allowed the processioners, who were in office, to amend their return by attaching thereto the original application made to them by the applicant to procession his land, which was in terms of the statute; and also to further amend their return as follows: "To the Hon. John S. Reid, Ordinary of said County: The undersigned processioners for the 314 Dist. G. M., said county, having been applied to by R. L. Hitchcock to trace and mark anew the line dividing his lands from the lands of G. M. Thornton, adjoining each other in said district, did appoint the ———— day of May, 1909, at 10 o'clock a. m., as the day of tracing and marking said line pursuant to the provisions of section 3244 et seq. of the Civil Code of 1895, and, after having given ten days written notice to said Thornton, the owner of said adjoining lands to said Hitchcock, did on the———— day of May, 1909, as required by statute, together with the County Surveyor, survey said lands and proceed to run and mark said lines between the lands of said named parties, as is set out in our original return to said Ordinary. Attached to the original return filed by us with the Ordinary is a plat made by H. R. Pinkerton, County Surveyor of said county, which is hereby made a part of

said return, and which properly represents the service made and the line run and marked anew by us and said Surveyor. This 21st March, 1910.  J. F. Freeman, W. D. McDade, and J. T. Resseau, processioners."

1.  It may be stated as a general rule that a return which is incorrect or erroneous as to the facts may always be amended so as to conform to the truth, on application to the court for that purpose by the officers who made the return. 18 Enc. Pl. & Pr. 950.  If a return be so defective as not to amount to official action, it is not amendable; but where it is merely incorrect or erroneous, it may be amended by the officer who made it, so as to make it comply with the facts existing at the time of the return.  *Dorminey* v. *De-Lang,* 130 *Ga.* 618 (61 S. E. 475, 124 Am. St. R. 193).  The return made by the processioners was not too defective for amendment.  It appeared therefrom that the line between the applicant and the protestant began at a fixed corner and extended in a straight line to another fixed corner.  In defining the duties of processioners relative to the marking anew of lines, the statute declares that "if the corners are established and the lines not marked, a straight line as required by the plat shall be run."  Civil Code, § 3246.  The original return discloses that the processioners had established such straight line between the parties, but failed to state that it was the line which they found and which they marked anew. The other defect in the return pointed out in the motion was a failure to attach the application to procession the land, or to recite that they had given the statutory notice to the adjacent-land owner. This was a mere matter of form, and was curable by amendment.

It is contended that it is too late for the processioners to amend their return after the same has been filed in court and a protest filed thereto.  There can be no sound objection to the amendment of an official return by the officer who made it, after it has been filed.  In many cases this practice is regulated by statute; as, for instance, an amendment of a levy, by the officer who made it, is allowable even after the sale occurred, and during the progress of an ejectment suit, in which the deed by the sheriff, based upon such sale, is one of the muniments of title relied upon in the case. Civil Code, §§ 5115, 5116; *Dorminey* v. *DeLang,* supra.  But a statute is not necessary to authorize such amendment; and in the absence of regulatory legislation it is generally a matter resting

in the sound discretion of the court, which is exercised with great liberality. 18 Enc. Pl. & Pr. 954. Amendments to the reports of commissioners to lay out highways are allowable after the reports are filed, so as to show conformity with the statute. 37 Cyc. 112. If the officer is not in office, he can not amend an incomplete or defective return without some order of court giving direction in the matter. *Beutell* v. *Oliver,* 89 *Ga.* 246 (15 S. E. 307). In this case it does not appear but that the officers amending the return were in office when the amendment was allowed.

. The case of *Rawls* v. *Nowell,* 133 *Ga.* 874 (67 S. E. 187), does not conflict with this ruling. In that case the applicant proposed to amend the plat made by the surveyor, by adding a description of the land; and the court held that such amendment by the applicant was not permissible. It will be noted that the proposal to amend was by the applicant, and not by allowing the officer to amend his return. It follows that the court properly allowed the amendment, and overruled the motion to dismiss for defects in the return of the processioners which were cured by it.

2. The application to procession the land was made to "W. T. McDade, J. F. Freeman, and John Resseau Sr., processioners of land for the 314 (Kinderhook) District of said county." The return was signed by J. F. Freeman, W. D. McDade, and J. T. Resseau, processioners. It is contended that the variance in the initial of one of the processioners creates such a variance between the names of the persons to whom application was made and those who acted as processioners as to invalidate the whole proceeding. There are two replies to this contention: the application was made to the processioners of the Kinderhook district, and the officials made their return as such processioners. There is no point made as to the identity of the person, and, besides, this point is not good under a general assignment that the verdict is contrary to evidence.

3. The evidence was sufficient to authorize the verdict, which has the approval of the trial judge, and no reason appears why the same should be set aside.

*Judgment affirmed. All the Justices concur.*