Treutlen *vs.* Smith *et al.*

---

JOHN F. TREUTLEN, trustee, plaintiff in error, *vs.* GREEN SMITH *et al.*, defendants in error.

Where the defendant resided in this state, and in a county different from that to which an attachment against him was returned, and where he has a valid legal defense against the debt on which the attachment was predicated, and where he replevied the property levied on, but did not appear at court or plead to the merits, or have his say in court, an affidavit of illegality is a good defense for him and his surety, to an execution proceeding against them founded on the replevy bond, and he may go behind the judgment on such replevy bond, though counsel representing himself as his attorney made affidavit before the justice who issued the attachment that the bond of plaintiff in attachment was insufficient, and a new bond was taken, and though the same counsel, but then attorney only for the surety, appeared in court and moved to dismiss the attachment, but declined to represent and

put in a plea to the jurisdiction for the defendant, it nowhere appearing in the record that defendant appeared in person or by counsel, or pleaded to said case, or had his day in court.

Attachment. Illegality. Judgments. Before Judge TOMP-KINS. Quitman Superior Court. May Term, 1875.

Reported in the opinion.

JAMES T. FLEWELLEN, by A. HOOD, for plaintiff in error.

J. H. GUERRY, by JOHN T. CLARKE, for defendants.

JACKSON, Judge.

An attachment was sued out by Treutlen against Smith on the ground that he was removing his property without the limits of the state, and it was returned to the county of Quitman. The attachment was levied apon five bales of cotton. The cotton was replevied by Smith, and Burnett was his security. Smith's counsel objected to plaintiff's attachment bond by affidavit before the justice, and it was strengthened. On the trial Burnett's counsel, being the same person who had been Smith's in the affidavit before the justice, moved to dismiss the attachment, and when the motion was overruled, refused to represent Smith, and to put in a plea to the jurisdiction for him. Judgment was thereupon entered up against Smith, and Burnett, security, and the *fi. fa.* thereon was levied upon Smith's property, who took his affidavit of illegality, alleging therein that he lived in the county of Clay when the attachment issued, and did not appear or plead to the merits of the case, and had no notice of the suit, and that he had a good defense on the merits, to-wit: that he had returned the consideration of the debt to plaintiff, and they had fully settled it. On this state of facts the court sustained the illegality, and set aside the judgment, and this is the error asigned.

The replevy of the cotton was equivalent to notice and service; but it did not bind the defendant to appear at a court which had no jurisdiction of his person. He was forced to

replevy to get possession of his property, and the fact that he did replevy gave the court no jurisdiction of his case. His counsel, in his absence, it seems, made an affidavit in regard to the attachment bond of the plaintiff, and the same person was also counsel for the security. Whether he was authorized or not by the defendant to make the affidavit does not appear, but it was not made in court and is no evidence of an appearance. It is clear that he did not appear; no counsel represented him there; on the contrary, the counsel of the security refused to represent him, or file a plea for him, but in the name of the surety and for the surety, moved to dismiss the attachment. The defendant has never had his day in court; his defense on the merits is sound, the facts are admitted, and the only question is, does the remedy by affidavit of illegality lie? We think that a fair construction of section 3671 of the Code gives him the remedy. He made no appearance, and never had his day in court, and was entitled to a hearing.

Let the judgment of the court below be affirmed.