LORILLARD & COMPANY vs. BARRETT & McMASTER.

Under §3293 of the Code, an attachment cannot issue until the debt is due, and where it was not so alleged, there was no error in dismissing the attachment.

March 30, 1886.

Attachment.  Before Judge EVE.  City Court of Richmond County.  November Term, 1885.

P. Lorillard & Company sued out an attachment for purchase money against W. H. Barrett, alleging that the defendant was indebted to them a sum stated for the purchase money of certain property; that it was in possession of the son of the defendant and another, under the firm name of Barrett & McMaster, at the store of the defendant; and that said firm was holding for the benefit of the defendant and in fraud of the rights of the plaintiffs. Barrett & McMaster interposed a claim.  On the trial, on motion of the claimants' counsel, the court dismissed the attachment, because the plaintiffs failed to show that the debt was due.  The plaintiffs excepted.

J. S. HOOK, for plaintiffs in error.

J. S. & W. T. DAVIDSON, for defendants.

BLANDFORD, Justice.

The plaintiffs sued out an attachment under section 3293 of the Code, and having failed to allege that the debt was due, the court, upon motion of defendants in error, dismissed the same, and this is the error complained of.

This section of the Code is founded on act of the legislature which is found in the acts of 1871 and 1872, p. 44, and an amendatory act of 1879 (acts of 1878 and 1879, p. 48). Both of said acts provide for the issuing of attachments "upon such debt (due the plaintiff) becoming due."

It is quite manifest that under this section, comprising the acts aforesaid, the debt must be due, or otherwise an attachment cannot issue. *Joseph & Bro. vs. Stein,* 52 *Ga.,* 333.

Judgment affirmed.