*Lawton & Cunningham* and *S. H. Jones*, for defendant.

---

## LEFFLER & SON *v.* UNION COMPRESS COMPANY.

1. A motion in arrest of judgment must be predicated upon some defect, not amendable, which appears on the face of the record or pleadings.
2. A declaration in attachment and the judgment rendered in such suit constitute no part of the record or pleadings in a garnishment proceeding based on the attachment.
3. Accordingly a motion in arrest of a judgment rendered in such a proceeding against a garnishee can not be properly based on the alleged invalidity of the judgment against the defendant in attachment.

Argued October 4, — Decided October 15, 1904.

Motion in arrest of judgment. Before Judge Holden. Richmond superior court. March 1, 1904.

At the January term, 1904, of the superior court of Richmond county the following judgment was rendered:

> "A. Leffler & Son }
> *vs.* Richmond superior court,
> Jones Bros. January term, 1904.
> Union Compress Suit and attachment on note.
> Co., garnishee. } Garnishment on attachment.

"The Union Compress Company having been duly served with garnishment summons in this case, and having failed to answer as required by law and judgment in favor of A. Leffler & Son, a firm composed of A. & A. M. Leffler, plaintiffs, against W. O. Jones of the firm of Jones Bros., defendants, for $329.48 principal, and

$149.42 int., ——— for costs of court, judgment is hereby rendered in favor of A. Leffler & Son against the Union Compress Company for the said sum of $329.48 principal, $149.42 int., and ——— costs of court. This 27th day of January, 1904.

W. T. Gary, J. S. C., A. C."

At the same term the Union Compress Company moved in arrest of. this judgment, upon the ground "that it appears on the face of the record that the judgment rendered against the defendants is void, for the following reasons, to wit: (1) Because said attachment was issued against 'Jones Bros.' without a legal affidavit to support the same. (2) Because the affidavit annexed to the attachment set out a debt of one W. O. Jones as an individual, and the magistrate had no authority to issue thereon an attachment against 'Jones Bros.' (3) Because it does not appear in the affidavit or the bond or the attachment whether 'Jones Bros.' was the name of a partnership or a corporation, nor whether W. O. Jones was a member of such partnership if it existed. (4) Because said attachment was issued against 'Jones Bros.' without a legal bond to support it. (5) Because the recital in the bond shows that the plaintiffs were seeking an attachment against W. O. Jones as an individual, and the magistrate had no authority to issue thereon an attachment against 'Jones Bros.' (6) Because the court had no authority to render judgment against defendants, it appearing from the face of the record that defendants were being sued by attachment as non-residents, and that they had not been served with notice of the suit, and had not appeared in any manner in defense thereof, and it not appearing, by allegation in the declaration or otherwise, that any property of defendants had been seized. (7) Because the declaration filed in said case fails to allege that any of defendants' property has been seized, and also fails to pray that the amount of the judgment to be rendered be made out of the property seized, but, on the contrary, prays for ordinary process 'requiring the said defendant (presumably W. O. Jones) to be and appear at this court to answer petitioner's complaint.'" This motion was amended by adding the following grounds: "Because the recital in the judgment against the garnishee, that judgment had already been rendered against 'W. O. Jones of the firm of Jones Bros., defendants,' was a mistake of fact, the record showing that the judgment was entered simply

against 'the defendants,' without naming W. O. Jones; and the court could have no legal right to assume that W. O. Jones was a member of a firm known as Jones Bros., and to enter up judgment against him without proof on that point, and without the verdict of a jury, especially when it appears from the record that the declaration containing the allegation that W. O. Jones was a member of the firm of Jones Bros. was never served on W. O. Jones or on Jones Bros., and that no property of either W. O. Jones or Jones Bros. was seized under the attachment." Because "the record shows that no judgment was ever rendered against W. O. Jones, but the only judgment rendered was against Jones Bros." The motion was sustained and the judgment against the garnishee was set aside as void. Leffler & Son excepted, and two of the assignments of error were: (1) "That the court erred in permitting the garnishee to attack said judgment against it for alleged errors in the main suit." (2) "That the court erred in going behind the judgment against the garnishee for alleged errors arising in the principal case, a separate and distinct proceeding."

It appears that at the time the court passed on the motion in arrest of judgment, the records before it disclosed the following facts: An attorney at law for A. Leffler & Son, on September 23, 1903, made affidavit that W. O. Jones was a non-resident of the State and was indebted to A. Leffler & Son in the sum of $329.48, principal, and $140.55, interest; and at the same time A. Leffler & Son, by their attorney, executed, and filed with the justice of the peace before whom the affidavit was made, a bond payable to W. O. Jones, reciting that A. Leffler & Son were seeking an attachment against him, which was then about to be sued out, returnable to the October term, 1903, of the superior court of Richmond county, and conditioned to pay W. O. Jones all damages and costs which might be incurred by him in consequence of suing out the attachment, in the event that A. Leffler & Son should fail to recover in the case. Upon the affidavit and bond the justice of the peace issued an attachment against Jones Brothers, which was levied by the service of a summons of garnishment, issued by him, directed to the Union Compress Company, requiring it to answer at the October term of the superior court what it was indebted to Jones Brothers, etc. On October 19, 1903, the plaintiffs filed in that court a declaration in attach-

·ment against Jones Brothers, averring, that it was a firm com-· posed of W. O. Jones and F. M. Jones, each of the State of South Carolina; that on September 23, 1903, the petitioner had an attachment issued against W. O. Jones, a member of the firm of Jones Brothers, which was levied by service of summons of garnishment on the Union Compress Company and others, and returned to the October term of that court, and that the firm of Jones Brothers was indebted to the plaintiffs, in the sum set forth in the attachment affidavit, on a certain promissory note, a copy of which was attached to the declaration. Judgment was prayed against the firm of Jones Brothers, and against W. O. Jones individually. At the January term the court rendered the follow-ing judgment:

"A. Leffler & Son vs. Jones Bros. Union Compress Co., garnishee. } Richmond superior court, January term, 1904. Suit and attachment, Garnishment on attachment.

"There being no issuable defense filed on oath in this case, judgment is rendered by the court for the plaintiff, A. & A. M. Leffler, styled A. Leffler & Son, partners, against the defendants, for $329.48/100 dollars as principal, $149.42 dollars as interest, and —— dollars and —— cents as costs of court, to be made out of the property levied on under the attachment in said case, by virtue of summons of garnishment issued on said attachment. This the 27th day of January, 1904.

W. T. Gary, Judge S. C., Augusta Circuit."

· *Brooks & Picquet, Johnson & Young,* and *Jacob Gazan,* for plaintiffs. *William H. Fleming,* contra.

FISH, P. J. A motion in arrest of judgment must be predicated upon some defect, not amendable, which appears on the face of the record or pleadings. Civil Code, § 5362. This, of course, means such a defect which appears in the record or plead-ings in the case wherein the judgment is rendered. In *Holbrook* v. *Evansville R. Co.,* 114 *Ga.* 1, it was held: "A judgment against a garnishee, duly entered, is as to him conclusive of the proposition that the plaintiff had already obtained a valid judgment against the main debtor whose effects were sought.

to be reached by the garnishment proceeding." In *Warlick* v. *Neal Loan & Banking Co.*, 120 *Ga.* 1070, it was held: "A judgment against a garnishee, duly entered, is conclusive, as to him, that every jurisdictional allegation in the affidavit to obtain garnishment is true." See also *Wingo Company* v. *Johnson*, 119 *Ga.* 486. As the motion in arrest of judgment against the garnishee in the present case was based solely on the ground that the judgment against the defendant in attachment was void for reasons set out in the motion, the case turns upon the question whether such latter judgment was a part of the record in the garnishment proceedings, which culminated in a judgment against the garnishee. In view of the facts that the attachment and the summons of garnishment were both based on the same affidavit and bond, that both were returnable to and pending in the same court, and that the garnishment is a mere subsidiary process to the attachment, the question we are called upon to decide is not without difficulty. After mature reflection, however, we have reached the conclusion that the affidavit and bond upon which the attachment and summons of garnishment are based, the attachment, the summons of garnishment, the answer of the garnishee where one is made, and the judgment against the garnishee constitute the record and pleadings in the garnishment proceeding, but that the declaration in attachment and the judgment thereon are no part of, but separate and distinct from, the garnishment proceeding. This seems to be indicated by the fact that the statute (Civil Code, § 4550) requires a certified copy of the affidavit, bond, and attachment to be used in obtaining garnishment against a person who resides out of the county wherein the attachment issues. The declaration in attachment is not at all dependent upon the validity of the attachment, if the defendant is served with notice, or appears and defends, or replevies the property upon which the attachment has been levied. In such cases the defendant in attachment remains in court, though the attachment be void and is dismissed. *McAndrew* v. *Irish American Bank*, 117 *Ga.* 510. So, in the present case, if the attachment were void, the plaintiffs could have recovered a valid judgment against the defendant in attachment, if the defendant had been served with notice, or had appeared and defended, or if the attachment was levied upon property and the defendant had replevied the

same. In any of such cases the suit against the defendant in attachment would be wholly independent of the garnishment suit based upon the attachment, and as separate and distinct therefrom as the garnishment was separate and distinct from the pending suit upon which it was based in the case of *Warlick* v. *Neal Loan & Banking Company*, supra. As was said by Lumpkin, P. J., in *Holbrook* v. *Evansville Railroad Company*, supra, " The record of that action [the main case] is, with regard to the garnishment proceeding, merely evidentiary, and nothing more. It could, if sufficient to show the existence of a good judgment against [the defendant in the original case], have been introduced in evidence on the trial of the garnishment case. If not sufficient to do so, it would have been worthless, even as evidence. In no view can it be considered as part of the pleadings, or record proper, of the garnishment proceeding." It follows from what has been said that the court erred in sustaining the motion in arrest of the judgment against the garnishee.

It will have been seen that the motion in arrest of judgment. was not based upon the ground that the judgment against the garnishee was void because of alleged defects existing in the garnishment proceeding upon which the judgment against the garnishee was based. It did not seek to arrest the judgment against the garnishee upon the ground that it was void because the affidavit upon which both the attachment and garnishment were predicated alleged that W. O. Jones, as an individual, was indebted to the plaintiffs, and the bond was payable to W. O. Jones, while the attachment was issued against Jones Brothers and the summons of garnishment called upon the garnishee to answer what it was indebted, etc., to Jones Brothers. Nor did it seek to arrest it upon the ground that, from the face of the judgment. against the garnishee, it appeared that the plaintiffs had obtained a judgment, on the declaration in attachment, simply against. W. O. Jones, instead of one against Jones Brothers, and that until they had obtained a judgment against Jones Brothers they were not entitled to a judgment against the garnishee for what it might. be indebted to that firm; but, on the contrary, the motion in arrest. sought to correct the recital in the judgment against the garnishee, that judgment had been rendered in favor of the plaintiffs against.

W. O. Jones, by showing that it was a mistake and the judgment on the declaration in attachment had really been rendered against Jones Brothers. Instead of urging the invalidity of the judgment against the garnishee for defects appearing upon the face of the garnishment proceeding, it attacked that judgment upon the ground that no valid judgment had been rendered against the defendants in the main case, and thus sought to invoke an inspection of the record of the suit of the plaintiffs, by declaration in attachment, against Jones Brothers; and, as we have seen, the declaration and judgment in that suit form no part of the record in the garnishment proceeding, but, in order to have been available to the garnishee for the purpose of defeating a judgment against it, should have been introduced in evidence, by way of defense, before the judgment against the garnishee was rendered.

*Judgment reversed. All the Justices concur, except Lamar, J., disqualified.*