## PENN & WATSON v. McGHEE.

1. The affidavit upon which an attachment is based is amendable, not only as to form, but also as to substance.
2. While the affidavit to obtain an attachment must originally be taken and tested before an officer duly qualified to issue attachments, still a commercial notary public may verify 'an amendment to the grounds of an attachment issued by the proper officer, though the attachment issued upon grounds defective or not authorized by law.
3. A commercial notary public whose term of office has expired may still be a good de facto officer for the purpose of attestation.
4. It is not error to refuse to set aside a judgment on account of defects in the pleadings as to which no point was made before the rendition of the judgment, and where the defects, if any, were amendable or cured by the verdict. A motion to set aside a judgment does not question the competency or sufficiency of the evidence which induced the judgment.
5. Upon a motion to set aside a judgment there is no review of the evidence. The court is conclusively presumed to have had before it sufficient evidence to authorize the judgment, and the only question is whether the record shows that the proceedings were such a nullity as that, regardless of what the evidence may have been, the judgment was unauthorized. Nor can the judgment of a court of competent jurisdiction be attacked or set aside upon the ground that the party against whom the judgment was rendered was misled by the statements of his adversary, and thereby prevented from making a defense, unless it first appears that there was good reason why he should have been misled. A statement by counsel for a plaintiff that he has been informed that his client desires his case dismissed, and that his client may give the case any direction he sees proper, does not relieve counsel for the defendant from the obligation of seeing that the case is actually dismissed, nor prevent the counsel for the plaintiff, where his client has abandoned his case (or effected a settlement with the opposite party), from prosecuting the cause for the recovery of a conditional fee.

Motion to set aside judgment; from city court of Floyd county—Judge Hamilton. October 12, 1908.

Argued December 14, 1908.—Decided July 31, 1909.

Rehearing denied October 2, 1909.

*Lipscomb, Willingham & Doyal,* for plaintiffs in error.

*Henry Walker,* contra.

RUSSELL, J. McGhee sued out an attachment for Penn & Watson, returnable to the city court of Floyd county, claiming an indebtedness of $400 as a balance due him on a contract of employment as a salesman. The attachment was served by the service of summons of garnishment on three garnishees. Henry

Walker, Esq., was the attorney employed by the plaintiff in attachment, and he filed in the city court of Floyd county a declaration upon the attachment.   Shortly after issuance of the summons of garnishment, the plaintiff, as Walker was informed, effected a settlement of some kind with Penn & Watson, and' instructed Walker, who had been employed as attorney upon a contingent fee of one-half of the recovery, to dismiss the case.   One of the counsel for Penn & Watson had an interview with Mr. Walker about this time, and informed him that there had been a settlement between the parties, and asked him whether he had been instructed by his client, the plaintiff, to dismiss the proceeding.   To this Mr. Walker replied that he had been so instructed, and that McGhee had the right to make such disposition of his case as he saw fit. On December 20, 1907, counsel for McGhee asked the court to call the case up out of its order, and, this request being granted, he testified before the jury that he had a contract with McGhee, the plaintiff in attachment, for one half the sum sued for in this case; that the suit was for $400, and was in default; and that the plaintiff was entitled to $200 for the sole and separate use of his counsel of record, as a fee due counsel for services rendered in the case under his contract.   Mr. Walker further testified, that he was informed that the defendant had settled with his client, and that his fee was unpaid and his client insolvent.   Upon this evidence the jury rendered a verdict for the plaintiff (for the sole use of his counsel of record, as his fee as attorney, for services rendered in the case under a contract) of $200 against the defendants, Penn & Watson.   Upon this verdict, on February 24, 1908, the court rendered a judgment that the plaintiff "recover from the defendants in attachment for the sole use of his counsel of record in this case, to wit, Henry Walker, as a fee due as attorney, for legal services rendered in this case, the sum of $200, with interest on the same from December 20, 1907, to be levied and satisfied from the property, estate, means, and money attached and seized by process of garnishment, duly served and levied."   Upon this verdict and judgment the defendants filed, on March 25, 1908, a motion for new trial; to which an amendment was allowed September 2, 1908.   On September 4, 1908, the motion for new trial was dismissed on the motion of Henry Walker, attorney for the plaintiff.   On September 18, 1908, Penn & Watson, by their

attorneys, filed a motion to set aside the original judgment in the case, which motion was amended on September 28, 1908, by adding a ground that the judgment should be set aside for the reason that the amendment to the affidavit upon which the attachment issued was void, in that it was sworn to and attested by a commercial notary public, and not before an officer authorized to attest affidavits, and upon the further ground that the notary public before whom the affidavit to the attachment was made and attested was not authorized to administer oaths, for the reason that his commission as notary public had expired. The motion was overruled, and exception is taken to that judgment.

A motion was made to dismiss the bill of exceptions, upon the ground that there was no sufficient assignment of error, and also for the reason that there was no service upon the real party at interest,—that only the nominal party had been served, and he had no interest in the result,—and upon the further ground that a writ of error will not lie, because the judgment complained of is a judgment in rem, and conclusive on everybody. We can not sustain the motion to dismiss the writ of error. Under the provisions of § 5527 of the Civil Code of 1895, the writ of error must "specify plainly the decision complained of, and the alleged error." But we think this requirement is met by the assignment in the bill of exceptions "that the court erred in overruling said motion to set aside said verdict and judgment on each and all of the grounds stated in said motion and the amendment thereto." See rule 8 of the Court of Appeals (1 Ga. App. xi (57 S. E. x), and compare rule 6 of the Supreme Court (126 *Ga.* viii; 57 S. E. v). It is true these rules apply specifically to motions for new trial, but as the reason upon which these rules rest is as strongly applicable to a motion to set aside a judgment, containing several grounds in which the error is specifically pointed out, as in case of a like motion for new trial, where the judgment rendered may be reached by a general assignment of error, the only real question which arises as to this point is whether the error complained of is sufficiently specified in the original motion. Referring to the motion to set aside the judgment as contained in the record, we think the assignment of error therein is sufficiently specific, and we are unwilling to admit that we are unable, from the transcript of the record, to ascertain the real questions at issue. The question,

then, to be determined is whether the trial judge should have granted the motion to set aside the judgment, and whether his refusal to do so upon the showing made was erroneous. If there was no defect in the record at the time that the judgment was rendered, or if there was a defect, and it was such as was amendable, or such as would be cured by verdict, even if not amended, then it is clear that the refusal of the judge to set aside the judgment would not be erroneous. The other ground of the motion to dismiss the bill of exceptions is equally untenable. Service acknowledged by Henry Walker as attorney for McGhee, as defendant in error (or however else Walker might have acknowledged service), we think would be sufficient to bind Walker with notice of the pendency of the writ of error. But be this as it may, the judgment, if in any sense rendered in behalf of McGhee, states that it was rendered for *the sole use of Henry Walker*, as his counsel of record; and consequently, the point that the real party at interest was not served is not well taken. The whole record shows that the case was proceeding in the interest of Walker, upon the claim that, as attorney for McGhee, he was entitled to recover a contingent fee, conditioned upon McGhee's right to recover an amount undisputed, but which the defendant had settled with the client without regard to the right of counsel. Walker is the only person who, as defendant in error, has any interest in the result. That interest grows entirely out of the fact that, as attorney for McGhee, he was entitled to prosecute the case for his fee. Hence, the fact that the words "attorney for defendant in error" follow Mr. Walker's name in the acknowledgment of service may be ignored. These words may be treated as surplusage. A judgment in attachment is only in a certain qualified sense a proceding in rem, and is not conclusive upon those who may have had no knowledge of the institution of the proceeding, or might desire to recover their property improperly subjected to this summary remedy. It appears that the affidavit made to obtain the attachment was originally defective, in that no lawful ground for the issuance of the attachment was stated. The plaintiff in attachment gave bond as required by law, and the attachment itself was issued in due form, but the original affidavit stated nothing more than that Penn & Watson are justly indebted to the plaintiff in the sum of $400; and apparently the affiant,

after starting to give some ground of attachment, failed to complete his statement or to state any ground whatever why attachment should issue.  At the trial the court allowed an amendment to the affidavit, which amendment was as follows: "Plaintiff amends his affidavit in the within entitled case, by averring that said Penn & Watson, at the date thereof, said debtors, resided and reside out of said State and in the State of Virginia." This amendment was verified as follows: "Georgia, Floyd County. In person before me appeared Henry Walker, who, on oath, says that the facts recited in the foregoing amendment are true, as therein set out.  Henry Walker.  Sworn to and subscribed before me December 18, 1907.  J. A. Jenkins, N. P. F. Co., Georgia." We think there can be no doubt that the plaintiff had the right to amend the affidavit upon which the attachment issued, by inserting a sufficient ground for attachment.  Under the Civil Code of 1895, §5122, "all affidavits that are the foundation of legal proceedings, and all counter-affidavits, shall be amendable to the same extent as ordinary declarations, and with only the restrictions, limitations, and consequences now obtaining in the case of ordinary declarations and pleas." It is insisted, however, that the affidavit in the present case is not amendable, because there is not enough to amend by.  As held in *Leffler* v. *Union Compress Co.*, 121 *Ga.* 44 (48 S. E. 710), the affidavit and bond upon which the attachment and the summons of garnishment are based, the attachment, the summons of garnishment, the answer of the garnishee, where one is made, and the judgment against the garnishee, constitute the record and pleadings in the garnishment proceedings.  Considering the affidavit with the bond and attachment, there appears a party plaintiff and a party defendant, and plainly an attempt to proceed by attachment.  And even though the attempt is a complete failure, if the shadow is distinct enough to identify a particular cause of action, flesh may be put upon the skeleton.  There is, we think, enough of a cause of action to amend by, so as to give a legal reason for the issuance of the attachment.

2, 3.  But it is insisted that the amendment was futile and ineffectual, in the first place, because it was verified before a commercial notary public; and furthermore, that the verdict is a nullity in the present case (even if a commercial notary public can take and attest the oath), for the reason that the purported offi-

cial was not authorized to administer the oath, because his commission as commercial notary public had expired. It was not essential that the amendment should have been verified in the manner adopted in the present case; and, indeed, if no objection was made at the time, the amendment might have been permitted even without being sworn to. But, in so far as the points raised are considered, we have no hesitation in holding that if the affidavit which it is sought to amend was originally sworn to and attested before a judicial officer duly authorized to issue attachments, a commercial notary public can take and attest the affidavit verifying an amendment to the affidavit upon which the attachment is based; and in *Smith* v. *Meador,* 74 *Ga.* 416 (58 Am. Rep. 438), it was expressly held that a commercial notary public whose commission had expired was still qualified to discharge the functions of his office, as an officer de facto. Furthermore, after final judgment it is too late for a party at interest, whose right and duty it is to object at the proper time to an improper amendment, to attack the competency of an attesting officer, or the sufficiency of a jurat, except upon the ground of fraud. The amendment being a proper amendment, and there being no objection thereto at the time of the trial, there was no error in its allowance.

4, 5. It is insisted, however, that the motion to set aside the judgment should be sustained because the verdict was not supported by the evidence. The fourth and fifth headnotes sufficiently state the opinion of the court upon the subject, and need no further elaboration. Whether the motion for new trial was properly or improperly dismissed, this case was concluded when no exception was taken to the judgment dismissing the motion for new trial.                    *Judgment affirmed.*