## McDonald *v.* Kimball Company Incorporated.

Atkinson, J. An attachment for purchase-money was issued by a justice of the peace, and made returnable to the superior court. It was based upon an affidavit containing the following: "Personally appeared P. T. Chance, who on oath says that he is agent for W. W. Kimball Co. Incorporated. Deponent further says, that to the best of his knowledge and belief that Mrs. J. T. Bateman, of said county, is indebted to said W. W. Kimball Co. (Inc.) in the sum of one hundred and fifteen & no/100 dollars ($115.00) principal, besides interest at 6% from August 10, 1910; that said debt was created by said Mrs. J. T. Bateman by the purchase of the following property to wit: One Piano made by W. W. Kimball Co., No. 58644, style Arion; that said debt is due, and that said Mrs. J. T. Bateman is in possession of said property; and deponent makes this affidavit that an attachment for purchase-money may issue in favor of W. W. Kimball Co. (Inc.) against said property in terms of the law." The attachment was levied by a constable. His return recited the fact of levy, described the property as it was described in the affidavit, and recited that "said property was pointed out by plff's agt. as the property as described in within affidavit for purchase-money, and found in possession of said defendant." The defendant was allowed to retain the property, upon giving bond with security for double the amount of the sworn value of the property, conditioned "to pay plaintiff the amount of the judgment and cost that he may recover in said case." A declaration in attachment was duly filed. The defendant filed an answer to the declaration. At the trial the jury returned a verdict for the plaintiff, "against the defendant and her bondsman," for the amount sworn to be due in the affidavit for attachment; and judgment was duly entered thereon. Immediately after the return of the verdict and during the term in which it was rendered, the surety on the bond moved to arrest the judgment against him, on the following grounds: (*a*) Because, in the affidavit which was made by the attorney of plaintiff, the ground of attachment was sworn to according to the best of the knowledge and belief of the deponent, when the law requires that the grounds of attachment be sworn to positively. (*b*) Because the return of the constable is insufficient in law, in that it does not state that the property levied on is the property of the defendant, nor does it state the amount of interest the defendant has in the property. The judge overruled the motion in arrest of judgment, and error was assigned. *Held:*

1. "When an attachment has been levied upon the property of a defendant, it shall be the duty of the officer levying the same to deliver the property so levied upon to the defendant, upon his giving bond, with good security, payable to the plaintiff in attachment, obligating themselves to pay the plaintiff the amount of the judgment and costs that he may recover in said case; . . and the officer taking said bond shall return the same with said attachment to the court to which the same is made returnable, and it shall be lawful for the plaintiff to take judgment against the defendant and his securities upon said bond for the amount of the judgment he may recover in his said attachment case." Civil Code, § 5113. The bond executed by the defendant was a statutory bond; and under this provision of the code the plaintiff had the same right to enter a judgment against the securities that he had to enter one against the defendant.

2. "If the pleadings are so defective that no legal judgment can be rendered, the judgment will be arrested or set aside." Civil Code, § 5959. "A judgment can not be arrested or set aside for any defect in the pleadings or record that is aided by verdict, or amendable as matter of form." Civil Code, § 5960. "All . . affidavits that are the foundation of legal proceedings" are "amendable to the same extent as ordinary declarations, and with only the restrictions, limitations, and consequences now obtaining in the case of ordinary declarations and pleas." Acts 1887, p. 59; Acts 1889, p. 110; Civil Code, § 5706.

(*a*) Applying these code sections, all of which are given the effect of statutes, if the affidavit upon which the attachment was issued is to be construed as swearing to the grounds of attachment equivocally, as contended in stating the grounds of the motion to set aside, the defect was amendable; and after the defendant and her surety executed the bond and it was returned to court, and the defendant answered to the merits of the case, and the case proceeded to judgment according to provisions of the Civil Code, § 5113, the surety could not take advantage of the defect by motion to arrest the judgment. See *Cowart* v. *Caldwell Co.*, 134 *Ga.* 544 (68 S. E. 500, 30 L. R. A. (N. S.) 720); *Leffler* v. *Union Compress Co.*, 121 *Ga.* 40 (48 S. E. 710); *Freeman* v. *Freeman*, 143 *Ga.* 788 (85 S. E. 1038).

(*b*) The case of *Neal* v. *Gordon*, 60 *Ga.* 112, and cases which it follows, were decided before the passage of the act of 1889, supra, authorizing the amendment of affidavits which are the foundation of legal proceedings; and such decisions are not controlling.

3. If the entry of levy by the levying officer was defective on account of a failure to recite the interest of the defendant in the property seized by him, the entry was amendable. Civil Code, § 5700; *Manley* v. *McKenzie*, 128 *Ga.* 347 (57 S. E. 705). The defect was no ground for arresting the judgment on motion.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 17, 1915.

Motion to arrest judgment. Before Judge Hammond. Richmond superior court. February, 19, 1914.

*George T. Jackson* and *W. Inman Curry,* for plaintiff in error.
*Paul T. Chance,* contra.