## 11018.  OTWELL *v.* HASKINS.

A petition for the appointment of a guardian which alleges that a certain person "is aged and infirm mentally and physically, and is subject to have a guardian appointed on account of mental incapacity," is amendable by adding, after the words ''aged and infirm mentally,'' that the said person is " imbecile from old age and incapable of managing her estate."

DECIDED APRIL 14, 1920.

Appeal; from Campbell superior court — Judge Smith.  August 4, 1919.

*Oscar Parker, John H. Hudson,* for plaintiff.

*Griffith & Matthews,* for defendant.

BLOODWORTH, J.  This was a proceeding to have a guardian appointed under § 3089 of the Civil Code of 1910.  The petition alleged that "Mrs. Mary Haskins, of said county, is aged and infirm mentally [and?] physically, and is subject to have a guardian appointed on account of mental incapacity."  Mrs. Haskins filed a defense, denying the allegation of the petition, and adding that "she is not an imbecile; that she is physically able to attend to her business, and that there is no reason — legal or other reason — why a guardian should be appointed for her person or her property.  She is as competent mentally and physically to attend to her affairs at the present time as she has ever been, and all the allegations to the contrary are untrue."  In the court of ordinary the jury found "Mrs. Mary Haskins to be aged and infirm mentally and physically, and subject to have a guardian appointed on account of mental incapacity to manage and control her es-

tate." On appeal to the superior court the plaintiff offered to amend the petition for appointment of a guardian by "adding, after the words 'aged and infirm mentally,' that said Mrs. Haskins is a person imbecile from old age and incapable of managing her estate." This amendment was disallowed and the petition dismissed.

Both of these rulings were erroneous. In our State the law relating to amendments is very liberal. In *Penn* v. *McGhee,* 6 *Ga. App.* 635 (65 S. E. 688), this court said: "We think there can be no doubt that the plaintiff had the right to amend the affidavit upon which the attachment issued, by inserting a sufficient ground for attachment. Under the Civil Code of 1895, § 5122 [Code of 1910, § 5706], 'all affidavits that are the foundation of legal proceedings, and all counter-affidavits, shall be amendable to the same extent as ordinary declarations, and with only the restrictions, limitations, and consequences now obtaining in the case of ordinary declarations and pleas.' It is insisted, however, that the affidavit in the present case is not amendable, because there is not enough to amend by. As held in *Leffler* v. *Union Compress Co.,* 121 *Ga.* 44 (48 S. E. 710), the affidavit and bond upon which the attachment and the summons of garnishment are based, the attachment, the summons of garnishment, the answer of the garnishee, where one is made, and the judgment against the garnishee, constitute the record and pleadings in the garnishment proceedings. Considering the affidavit with the bond and attachment, there appears a party plaintiff and a party defendant, and plainly an attempt to proceed by attachment. And even though the attempt is a complete failure, if the shadow is distinct enough to identify a particular cause of action, flesh may be put upon the skeleton." In *Hardy* v. *Luke,* 18 *Ga. App.* 423 (1a) (89 S. E. 540) it was held that "the provisions of § 5706 of the Civil Code, relative to the amendment of affidavits, are to be broadly and liberally construed." In *Collins* v. *Taylor,* 128 *Ga.* 790 (58 S. E. 446), the Supreme Court said: "All affidavits for the foreclosure of liens, or which are the foundation of legal proceedings, are amendable to the same extent as ordinary declarations. Civil Code, § 5122 [Code of 1910, § 5706]. This statute is remedial in its nature, and is therefore to be liberally construed and applied." See also *Bainbridge Stock Co.* v. *Krause-McFarlin Co.,* 8 *Ga. App.*

*220 (1) (68 S. E. 1013); Levin* v. *American Furniture Co.,* 133 *Ga.* 670 (66 S. E. 888); *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (5) (48 S. E. 318).

In his celebrated opinion in the case of *Ellison* v. *Georgia Railroad Co.,* 87 *Ga.* 708 (13 S. E. 814), Chief Justice Bleckley said:

"The declaration must show what the design of the pleader was, and that his design was such that, if filled out and completed, a cause of action might appear. But in looking for his design by the light of the imperfect declaration, no test of full certainty, but only the test of probability, is to be applied. If enough is alleged to render it fairly and reasonably probable that the plaintiff claimed to have a cause of action of the kind indicated, and that it was his design or that of his pleader to declare upon it, this probability is to be accepted for the purpose of allowing amendment just as though his design were known with full certainty. For it is only when a party stops pleading and stands upon the result that certainty is the guide and measure of construction. So long as he proposes to amend, he is still endeavoring to plead, and if he reaches the requisite certainty by the amendment and the original pleading together, he will be excused for any want of certainty before, higher than that of reasonable probability. . . The pleader is a builder who has a right to go on and finish from any beginning whatever, provided he can show his original plan by what he has done and what he proposes to do, and provided he will confine himself to that plan, and provided the plan is one which, when fully executed, will result in a real edifice and not a mere castle in the air. . . From what has been said, it is apparent that nothing less is enough to amend by in matter of substance in respect to the cause of action than a plaintiff, a defendant, jurisdiction of the court, and facts enough to indicate and identify some particular cause of action as the one intended to be declared upon, so as to enable the court to determine whether the facts proposed to be introduced by the amendment are part and parcel of that same cause; and when all these elements are in the declaration, there is enough to amend by. The least amount of substance in a declaration which will serve to show that what is offered to be added rightly belongs there, is enough to amend by if the addition proposed would make the cause of action complete. . . If the legal case which the pleader intended to make has been

so far developed and differentiated in design that the court can recognize it as probably fit to become a member of the case family, though it may still be in the womb and deficient in vigor or not fully developed in some of the essential parts or organs which would enable it to live as an independent being, indeed, if it be little more than a mere germ, the law has quickened it, and it is within the reach of amendment. Life, in the law of amendment, means mere quickening, ante-natal life, that which is sufficient to start with, though it may be much less than is requisite to support existence against the most feeble' attack if the amending power be not invoked."

Applying the principle announced in the foregoing decisions, the court should have allowed the amendment to the petition, and this would have perfected it.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*