## TYGART *v.* DOMESTIC ELECTRIC COMPANY.

HILL, J. 1. "Where a statutory motion to set aside a judgment of a court of record is presented to the trial judge, a rule nisi is issued by him and served upon the plaintiff, an answer to the rule is filed by the plaintiff, and upon the hearing of the motion the judgment is set aside," it is not necessary that the motion should affirmatively show upon its face that it was made during a term of court and within the statute of limitations. In such a case it will be presumed, in the absence of anything showing affirmatively to the contrary (the court having issued a rule nisi and upon the hearing set aside the judgment), that the motion was in fact made during term time, and that the court had before it all the facts necessary upon .which to base a valid judgment.

2. "Where an attachment is issued against a defendant, a resident of this State, but not a resident of the county in which the attachment is-sued, and the defendant in attachment gives a replevy bond, does the giving of such bond convert the action from a suit in rem into an action in personam, so that when the case is reached in its order, a declaration in attachment having been duly filed but no defense made, the plaintiff is entitled to a verdict and judgment against the principal defendant and his surety on the replevy bond?" If the attachment was returnable to the county of the defendant's residence, as provided by the Code of 1910, § 5063, then the replevy of the property by him would author-ize a judgment in personam against him and his sureties on the re-plevy bond. If, however, the attachment was returnable to a county other than that of his residence, then, under the ruling in *Treutlen* v. *Smith,* 54 *Ga.* 575, a personal judgment could not be rendered against the defendant and his sureties, though he replevied the property. The decision in *Treutlen* v. *Smith,* supra, is still of force. *Askew* v. *Mel-vin,* 144 *Ga.* 348 (87 S. E. 278).          *All the Justices concur.*

No. 2308. JUNE 17, 1921.

Questions certified by Court of Appeals (Cases Nos. 11582, 11583).

*Story & Story,* for plaintiff in error.

*Etheridge, Sams & Etheridge* and *J. P. Knight,* contra.

---

## GILLESPIE *et al. v.* GILLESPIE; *et vice versa.*

HILL, J. The verdict was supported by the evidence. The exceptions to the decree, and to the failure to charge, are without merit.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*

Nos. 2312, 2313. JUNE 17, 1921. REHEARING DENIED AUGUST 12, 1921.

Equitable petition. Before Judge Tarver. Gordon superior court. October 25, 1920. (See 150 *Ga.* 106.)

*M. B. Eubanks* and *J. H. Paschall,* for plaintiffs in error.

*Lang & Lang* and *G. A. Coffee,* contra.