13134.  UBICO MILLING CO. *v.* POYTHRESS.

STEPHENS, J.  1.  Where an attachment issued is not void, a replevy of the property by the defendant in attachment, by giving the required statutory bond, amounts to an appearance by the defendant, and will thereby convert the proceedings to one in personam and give the plaintiff the right to proceed against the defendant as at common law, provided the court could have obtained jurisdiction of the defendant had the suit originally been brought as at common law.  See, in this connection:  Civil Code (1910), § 5121;  *Woodbridge* v. *Drought,* 118 *Ga.* 671 (45 S. E. 266);  *Tygart* v. *Domestic Elec. Co.,* 151 *Ga.* 624 (107 S. E. 866);  2 R. C. L. 803.

2.  The defendant in attachment being a non-resident of this State, and therefore one upon whom service in a common-law action could have been perfected in any county within the State in which the defendant could have been found, a replevy by it of the property levied on under the attachment, by the giving of the statutory bond, amounted to a personal appearance and a conversion of the suit into one as at common-law.  It follows, therefore, that after such an appearance converting the suit into one in personam at common-law, any irregularities in the affidavit of attachment or in the attachment bond are immaterial, and the declaration in attachment filed by the plaintiff could allege and pray for damages in excess of the amount alleged in the affidavit in attachment;  and therefore the trial judge did not err in overruling the defendant's demurrer upon the ground that the amount of the damages alleged in the declaration was in excess of that alleged in the affidavit as the basis of the attachment.

3.  Since the declaration in attachment as amended alleges, as the basis for the plaintiff's claim, a contract of the plaintiff with " a regularly authorized traveling agent of the defendant," and does not allege any authority in the agent to execute the alleged contract in behalf of the defendant, the declaration was subject to the special demurrer interposed upon this ground.  The judgment overruling the demurrer is therefore reversed.

4.  The court otherwise did not err in overruling the demurrers interposed.
              *Judgment reversed.  Jenkins, P. J., and Bell, J., concur.*
                          DECIDED SEPTEMBER 30, 1922.

Attachment; from city court of Savannah — Judge Freeman. November 8, 1921.

*McIntire, Walsh & Bernstein,* for plaintiff in error.
*Ulmer & Bright,* contra.