13344.　HENSLEY *et al. v.* MINEHAN.

JENKINS, P. J. 1. Under section 5084 of the Civil Code (1910), an attachment for purchase-money cannot issue until the debt is due; and where the affidavit for the attachment does not so allege, the attachment is subject to dismissal. *Lorillard* v. *Barrett,* 77 *Ga.* 45; *Joseph* v. *Stein,* 52 *Ga.* 332, 333. The rule is otherwise in attachments based upon other grounds, in which event " the debtor shall be subject to attachment in the same manner and to the same extent as in cases where the debt is due, except that where the debt does not become due before final judgment, execution upon the judgment shall be stayed until the debt is due." Civil Code (1910), § 5066; *Askew* v. *Melvin,* 144 *Ga.* 348, 353 (87 S. E. 278).

2. An attachment affidavit must be verified positively as to the grounds upon which the writ is sought, although an attorney at law or agent " may swear that the amount claimed to be due is due according to the best of his knowledge and belief." Civil Code (1910), " 5056; *Krutina*

*v. Culpepper*, 75 *Ga.* 602 (1). Where the grounds for the attachment are not positively stated, the attachment may on motion be dismissed. *Meinhard* v. *Neill*, 85 *Ga.* 265 (11 S. E. 613).

3. The statutory provisions for the amendment of attachment affidavits and proceedings, as embodied in sections 5706 and 5110 of the Civil Code, are remedial in nature, and "therefore to be liberally construed and applied." *Levin* v. *American Furn. Co.*, 133 *Ga.* 670, 671 (66 S. E. 888, 889); *Collins* v. *Taylor*, 128 *Ga.* 789, 790 (58 S. E. 446). Although the instant affidavit as originally filed was defective, in that in the ground seeking an attachment for the purchase-money it showed that the debt claimed was not due, and the additional ground as to the debtor's removal was stated merely upon "knowledge, information, and belief," the amendment, being positive in its averments that the debtor was "actually removing or about to remove beyond the limits of said county," stated a good ground, and the court did not err in allowing it. *Brooks* v. *Hutchinson*, 122 *Ga.* 838 (50 S. E. 926); *McDonald* v. *Kimball Co.*, 144 *Ga.* 105 (2) (86 S. E. 234); *Brumby* v. *Rickoff*, 94 *Ga.* 429 (21 S. E. 232); *Penn* v. *McGhee*, 6 *Ga. App.* 631, 635 (65 S. E. 686).

4. Under the provisions of section 5056 of the Civil Code (1910), while it is true that "an attachment issued upon an affidavit administered by a clerk of the superior court is absolutely void, and does not constitute a basis for rendering any valid judgment against the defendant therein" (*Heard* v. *National Bank of Ill.*, 114 *Ga.* 291 (2), 40 S. E. 266), such an officer may administer the oath verifying an amendment to defective grounds or attachment where the original affidavit has been verified before a proper officer and the writ issued by such an officer. *Penn* v. *McGhee*, 6 *Ga. App.* 631 (2) (65 S. E. 686).

5. Where the defendant resides within the jurisdiction of the court to which the attachment is returnable, and both he and his surety have voluntarily appeared in the proceedings by filing a replevy bond for the property levied on under the attachment, they thereby submit themselves to the jurisdiction of the court, and consequently the judge did not err in directing the verdict in favor of the plaintiff, which was demanded, and in entering a judgment in personam upon the replevy bond against both the principal and his surety, irrespective or whether the notice as prescribed by section 5103 of the Code has been given or not. *Tygart* v. *Domestic Electric Co.*, 151 *Ga.* 624 (2) (107 S. E. 866); *McDonald* v. *Kimball Co.*, 144 *Ga.* 105 (1) (86 S. E. 234); *Flagg* v. *Hitchcock*, 143 *Ga.* 380 (3), 382 (85 S. E. 125); *Cowart* v. *Caldwell Co.*, 134 *Ga.* 544, 550 (68 S. E. 500, 30 L. R. A. (N. S.) 720); *Buice* v. *Lowman Co.*, 64 *Ga.* 769 (3); *Camp* v. *Cahn*, 53 *Ga.* 558 (2); *McDonald* v. *Rimes*, 137 *Ga.* 732 (1) (74 S. E. 266); *Middlebrooks* v. *Carson*, 23 *Ga. App.* 665 (1) (99 S. E. 151).

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 23, 1922.

Attachment; from Glynn superior court — Judge Highsmith. January 12, 1922.

*R. W. Durden, F. H. Harris,* for plaintiffs in error.

*Krauss & Strong,* contra.