*Jones, Jones, Johnston & Russell,* for plaintiffs in error.
*Brock, Sparks & Russell,* contra.

19398.   HENDRICKS *v.* GEORGIA FERTILIZER COMPANY.

DECIDED SEPTEMBER 9, 1929.
ADHERED TO ON REHEARING, OCTOBER 4, 1929.

*A. D. Tucker, W. R. Smith, R. A. Hendricks, H. C. Eberhardt, Wilcox, Connell & Wilcox, Franklin & Langdale,* for plaintiff in error.

*William Story, Branch & Snow, Elsie H. Griner,* contra.

JENKINS, P. J. ■ In attachment cases, where no personal judgment is sought, the levy takes the place of service. Still, under the ruling in *Albright-Pryor Co.* v. *Pacific Selling Co.,* 126 *Ga.* 498, 502 (55 S. E. 251, 15 Am. St. R. 108), the jurisdiction of the court depends upon the proceedings prior to the return term, and if there has been no seizure of the property of the defendant before the return term, the court is without jurisdiction in the matter, and all subsequent proceedings are invalid. Consequently, it is well settled that if the court had failed to acquire jurisdiction at the return term by a previous seizure of the defendant's property, it can not do so by any proceeding then or thereafter had. This, however, does not mean that where the court has actually acquired jurisdiction by a previous seizure of the defendant's property, a defective entry of the sheriff can not be amended at the return term, or at the trial term and before judgment, so as to show the court's jurisdiction. Section 5110 of the Civil Code (1910) provides as follows: "The plaintiff in attachment shall have the right to amend his attachment, or bond, or declaration, as in other cases at common law, and the levying officer shall have the right to amend his return by supplying any omissions or errors, and the court before which the attachment shall be returned shall have power to order said amendments." The provisions of this code-section are remedial in their nature, and therefore are to be liberally construed. *Hensley* v. *Minehan,* 29 *Ga. App.* 251 (3) (114 S. E. 647); *West* v. *Gainesville National Bank,* 32 *Ga. App.* 704 (124 S. E. 733). Consequently, where the court actually acquired jurisdiction in an attachment proceeding against a nonresident by the levy of an attachment upon the property of the defendant, with notice of the levy given to the defendant, it was not error, at the trial term, to permit·the officer to amend his entry and return of the levy so as to show the defendant's interest in the property levied upon. *McDonald* v. *Kimball Co.,* 144 *Ga.* 105 (3) (86 S. E. 234); *Manley* v. *McKenzie,* 128 *Ga.* 347 (57 S. E. 705); Civil Code (1910), § 5700.

■ Where the plaintiff offered an amendment to a declaration in attachment and to other proceedings therein, by which it was sought to change the name of the plaintiff from Georgia Fertilizer & Oil Company to Georgia Fertilizer Company, and the amendment was allowed over the objection that it introduced a new party plaintiff and a new cause of action, exceptions pendente lite thereafter filed by the defendant, which contained no exception or assignment of error upon the allowance of the amendment or the overruling of the objections thereto, but merely recited the facts as a matter of history, did not present for decision any question as to the propriety of such ruling, and on review in this court the amendment must be treated and considered as having been properly allowed.

■ Nor would any question as to the propriety of the amendment be raised by motion to dismiss the entire case, presented after the amendment had been allowed, and predicated upon the objections made thereto. The allowance of the amendment did not render the entire proceeding bad or subject to dismissal. Furthermore, the defendant was concluded by the previous order allowing the amendment, the same not being excepted to. Rulings upon pleadings can not properly be made grounds of a motion for new trial.

■ While this court can not, in the state of the record, pass upon the question of whether the trial judge erred in allowing the amendment referred to in the preceding paragraphs, it does appear that upon the allowance of the amendment the defendant made a proper and timely motion for a continuance upon the ground of surprise. By statements of counsel for the defendant, made in his place, and by testimony of the defendant himself, it was shown that the defendant was less prepared for trial, and wherein he was less prepared, than he would have been if the amendment had not been made, and that the surprise was not claimed for the purpose of delay only. The defendant had pleaded a set-off against the original plaintiff, Georgia Fertilizer & Oil Company, and claimed that he would be confused in his defense as to the Georgia Fertilizer Company, which appeared to be a separate corporation, and sought time to examine the records in his office and to prepare his defense to the suit as amended. The court allowed the defendant forty minutes for the preparation of any additional pleas, but overruled the motion to continue. In view of the nature of the defense made, this court is of the opinion that such grant of time

was insufficient, and that a continuance should have been ordered as applied for, and that the failure to allow the same requires the grant of a new trial.

*Judgment reversed. Stephens and Bell, JJ., concur.*