INGRAM & LeGRAND LUMBER COMPANY *v.* BURGIN LUMBER COMPANY *et al.*

No. 13458. FEBRUARY 13, 1941.

*R. S. Wimberly,* for plaintiff in error.

*Foley & Chappell, Albert W. Stubbs Jr., James E. Short,* and *T. B. Rainey,* contra.

REID, Chief Justice. ■ In the brief filed by counsel for the defendants in error the proceeding which they presented to Judge Byars, and to which the demurrers were addressed, is by them characterized as constituting "simply a request that he exercise his discretionary power to vacate and set aside said consent verdict and judgment, which were still within the breast of the court;" and authorities are cited for the proposition that the trial judge is empowered, before the adjournment of the term at which the judgment was rendered, to revoke the same on mere motion when the prayer therefor does not involve consideration of the evidence. It does not appear anywhere in the record whether or not it was filed in term time and at the term at which the judgment was rendered; and counsel for the plaintiff in error cite *Ohlen* v. *McCoy,* 25 *Ga. App.* 528 (103 S. E. 803), in support of his insistence that this is fatal. See *Tygart* v. *Domestic Electric Co.,* 151 *Ga.* 624 (107 S. E. 866). Assuming, however, that it was within the term, the proceeding can not, for another reason, be maintained as a

motion to set aside. It was not made by one who was a party to the judgment. "The distinction between technical motions in arrest or to set aside, and independent proceedings to annul judgments for fraud, lies in the fact that a motion in arrest or to set aside is an integral part of the previous litigation, *and therefore must be between the parties thereto* [italics ours]; whereas a proceeding on account of alleged fraud, brought on a petition for process and service thereof, is an independent action. not in continuance of the original proceeding." *Simpson* v. *Bradley,* 189 *Ga.* 316, 318 (5 S. E. 2d, 893).

Nor can the proceeding be sustained as an independent suit in equity, because there was no process, and no prayer therefor. This was fatal. Code, § 81-1313, *Scarborough* v. *Hall,* 67 *Ga.* 576.

We do not find it necessary to deal with all the grounds of the demurrer. They reached both of the defects heretofore pointed out, and it was error to refuse to dismiss the proceeding.

*Judgment reversed. All the Justices concur.*