## 20150.  BIVINS *v.* FLEISCHER *et al.*

WYATT, Presiding Justice.  Frank Fleischer and Addie May Fleischer brought their suit in equity, against J. L. Todd Auction Company and Dean Covington as defendants, in which it was sought to enjoin the defendants from consummating the sale of certain described real estate to James C. Weeks and from delivering to Weeks a warranty deed theretofore executed by the said Frank Fleischer and Addie May Fleischer, conveying said realty to James C. Weeks, and to cancel and set aside a certain contract of sale of said property between Frank Fleischer and Addie May Fleischer and James C. Weeks.  When the case came on to be tried, and before a consent verdict had been entered, W. H. Bivins, plaintiff in error here, made an oral motion to dismiss the suit, the contents of such motion not appearing in the record except that Bivins moved to dismiss the case because there was a party necessary to the determination of the suit who was not a party to the suit.  This motion was denied.  After judgment had been entered in accordance with the consent verdict, plaintiff in error here made a written motion to vacate and set aside the judgment in the case of Frank Fleischer and Addie May Fleischer versus J. L. Todd Auction Company and Dean Covington, on the ground that the judgment was void because of the absence of a necessary party, J. C. Weeks, who is a party to the contract of sale and the grantee in the undelivered deed.  It further appears that Bivins, plaintiff in error here, is the conditional assignee of James C. Weeks to the property, the condition being that, upon the completion of the sale to Weeks, title to the property would be transferred to Bivins.  It further appears that the plaintiff in error, along with J. L. Todd Auction Company and Dean Covington, is a defendant in a suit brought by James C. Weeks in Cobb Superior Court "covering the exact subject matter" that is before the court in Floyd Superior Court, and that said suit in Cobb County has been placed on the inactive calendar pending the completion of the case in Floyd County.  After a hearing, the motion by Bivins was denied. The exception here is to that judgment.  *Held:*

"No persons are parties defendant to a bill in Chancery, except those against whom process is prayed, and who are specially named and described in it as defendants."  *Carey* v. *Hillhouse,*

5 *Ga.* 251, 255. See also *Sowell* v. *Sowell,* 212 *Ga.* 351 (92 S. E. 2d 524). "A third person not a party to the record can not go into a court and move to set aside a judgment which is not against him." *Merchants' &c. Nat. Bank* v. *Haiman,* 80 *Ga.* 624(2) (5 S. E. 795). See also *Phillips* v. *Phillips,* 211 *Ga.* 305 (85 S. E. 2d 427). "One not a party to a judgment can not on mere motion procure the same to be set aside." *Ingram & LeGrand Lumber Co.* v. *Burgin Lumber Co.,* 191 *Ga.* 584 (13 S. E. 2d 370). From the authorities above cited, it is clear that the plaintiff in error here, not being a party in the court below, can not by motion set aside a judgment in a case to which he was not a party. It was therefore not error to deny the motion.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 15, 1958—DECIDED SEPTEMBER 5, 1958.

*Vernon W. Duncan,* for plaintiff in error.

*Holcomb & Grubbs, J. M. Grubbs, Covington & Kilpatrick, Dean Covington,* contra.